Judge Roane
pronounced ■the following opinion of the court.
The court, (not deciding upon the extent of the custom in the second bill of exceptions mentioned, that is, whether it should extend to the proper transactions of each of the firms of Welford is” Co. and Richard and Stephen Winchester, with their customers, respectively, only, or to embrace, also, any debits assumed by them for the firm of Winchester, Howard itf Co.) is of opinion, thatno debits'could.be set up on account of either of the said firms, in the present action, unless the same were duly admitted by those having competent authority ; and the fees, claimed in the present case, having only been admitted to have been due. from Stephen Winchester, from Winchester, Howard Cf Co. and from Richard and Stephen Winchester, to the appellant, by Stephen Winchester, after both the last mentioned firms were dissolved, and when he, consequently, had no authority to bind the said firms by such settlement. The court is of opinion that the instruction of the court below, rejecting his claim to the fees in question, is correct; although, the appellee having waved the objection as to those alleged to be due to the appellant from Richard and Stephen Winchester, they should have been brought into the cause, if they had been separated from the others. On the ground, therefore, of the wqpt of' authority in Stephen Winchester to charge the firm of Winchester, Howard Cf Co. at the time of the settlement of the fees in question, and that they could never be rendered liable to the appellees, for the money so claimed to be discounted, under that settlement, the court is of- opinion that it formed no propér subject of discount against the appellees, and that the judgment should be affirmed. '