# Richmond.

## DAVIS & SNAPP V. POLAND.

### NOVEMBER 14, 1895.

1. PARTNERSHIP—*Dissolution—Admissions of One Partner—New Liability.*—
   After dissolution of a partnership, one partner cannot, by his sole
   act, bind his co-partner against his consent, so as to impose a new
   liability, or to revive one barred by the statute of limitations. Nor
   can his declarations or admissions be received as the *only* evidence of
   the existence of a debt against the partnership. But if there is
   other evidence of the existence of the debt, or it is admitted by the
   pleadings, such declarations or admissions, though made after dis-
   solution, may be received in evidence, provided they relate to trans-
   actions of the partnership whilst in existence, and do not impose
   any fresh liability.
2. ACTION ON NEGOTIABLE NOTE—*Production of Note—Record in Appellate
   Court.*—In an action on a negotiable note, the note is a necessary
   part of the plaintiff's evidence, and there can be no judgment for
   plaintiff without the production of the note. If judgment be ren-
   dered for the plaintiff, and a writ of error awarded to that judgment,
   the record certified to the appellate court can alone be looked to to
   ascertain what evidence was introduced in the trial court, and if this
   record fails to disclose the fact that the note was offered in evidence
   in the trial court, the judgment will be reversed. The appellate
   court will not presume what the record fails to disclose.

Argued at Staunton.   Decided at Richmond.

Error to a judgment of the Circuit Court of Alleghany
county, rendered March 31, 1894, in an action of debt, wherein
the defendant in error was the plaintiff, and the plaintiffs in
error were the defendants.

*Reversed.*

This was an action of debt on two negotiable notes made by R. H. Davis and endorsed by I. B. Snapp. The defendants pleaded *nil debet,* and a special plea of fraud in the procurement of the notes. There was judgment for the plaintiff, and the defendants excepted.

*Benjamin Haden,* for the plaintiffs in error.

*R. L. Parrish* and *Duncan & King,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

The first assignment of error relates to the admission as evidence on the trial of the letter of April 13, 1893, from the defendant, R. H. Davis, to the plaintiff. It cannot be doubted that its admission was proper as against Davis himself, but it was argued that it was inadmissible as against his co-defendant and late partner, I. B. Snapp.

One partner, by his own act, after the dissolution of the partnership, cannot bind his co-partner against the consent of the latter, so as to impose on him a fresh liability. He cannot, as against him, create a new obligation, nor revive an old one barred by the statute of limitations. *Woodson* v. *Wood,* 84 Va. 478 ; Daniel on Negotiable Instruments, sec. 370 ; and 3 Minor's Inst. 734. His admission or declaration cannot be received as the only evidence of the existence of a debt against the partnership. It must be first proved or established by other testimony, or admitted by the pleadings. *Shelton* v. *Cocke, Crawford & Co.,* 3 Munf. 191 ; *Rootes* v. *Welford & Co.,* 4 Munf. 215 ; and *Brockenbrough* v. *Hackley,* 6 Call 51. But where the debt was created during the continuance of the partnership, and there is other evidence of its existence, or its existence is admitted by the pleadings, the

admission or declaration of one partner as to the transaction, though made after the dissolution, is admissible as evidence in an action against the firm, with the limitation that such admission or declaration cannot impose a new obligation on his co-partner, or revive against him one that is barred. "Admissions, or acknowledgments," says Mr. Minor in his Institutes, Vol. III., 734, " made in good faith by one partner, after dissolution, are evidence against his co-partners, provided they relate to transactions of the partnership whilst it was in operation, and do not impose fresh liabilities." As the case must go back on another ground, it is unnecessary, after referring to these principles, to say more with respect to this assignment of error.

After the jury had rendered their verdict, the defendants moved the court to set it aside as contrary to the law and the evidence. This the court refused to do, and upon their motion certified the evidence in a bill of exceptions.

The suit was brought on two negotiable notes, drawn by Davis and endorsed by Snapp. The plea of *nil debet* put in issue the whole declaration, and any liability of the defendants. The notes were necessary evidence to sustain the issue on the part of the plaintiff. They were the basis of the liability, if any, of the defendants. Upon them the action was founded, and without them it could not be maintained. Upon an examination of the certificate of the evidence, which the court certified " contains all the testimony introduced on either side," the notes do not appear. There is nothing to show that they were introduced as evidence before the jury.

Nor does the certificate contain any evidence to bind the endorser, Snapp. It was indispensable to prove that the notes were presented for payment, and, upon payment being refused, that notice thereof was given to Snapp.

The verdict having been rendered for the plaintiff in the absence of this necessary evidence, for we must so construe

the certificate of the evidence, there was nothing to sustain it, and the court erred in overruling the motion of the defendants to set it aside.

It was urged in argument that the certificate of the evidence discloses that several questions were asked the witnesses with respect to the notes sued upon, and it must be presumed that they were in fact put in evidence. We can only look to the record—to what the court has certified as the evidence. There all is lacking to show that the notes were put in evidence. They may have been introduced in evidence before the jury, and omitted through oversight in the preparation of the certificate of the evidence. Be this so; it is the same, so far as this court is concerned, as if they had never been before the jury. The practice has been too long and too well settled, and properly so, to be departed from now, that, upon the appeal here, this court is confined to the record as made. We need only refer to the case of the *Roanoke Land and Improvement Co.* v. *Karn & Hickson*, 80 Va. 589, where the subject was fully reviewed, and the authorities cited in the opinion of the court, delivered by Judge Lacy.

For the foregoing reasons, the judgment of the Circuit Court must be reversed, and a new trial awarded the plaintiffs in error.

*Reversed.*