94   659
98   706

94   659
102   592

94   659
107   271

# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## HUDGINS & WIFE *v.* SIMON & OTHERS.

### June 17, 1897.

1. APPEALS AND ERROR—*Two trials—Rule of decision when first verdict set aside.*—When there have been two trials in a case and the verdict on the first trial has been set aside and a new trial awarded and the ruling of the court has been excepted to, on a writ of error to a judgment rendered on a verdict at the second trial, the Court of Appeals will first consider the proceedings on the first trial, and if there was error in setting aside the verdict, will disregard the proceedings subsequent to the verdict, and enter judgment thereon.

2. BILLS OF EXCEPTION—*At what term to be filed.*—Where points are saved during the progress of the trial of an action at law, the formal bills of exceptions may be written out and signed at the term at which the judgment is rendered, although that be after the term at which the verdict was rendered.

3. EVIDENCE—*Book of patents in land office—Colonial records.*—Entries in the books of the Register of the Land Office, labelled "Patents," not signed nor having the seal of the colony attached are not patents, but may be received in evidence as memoranda from Colonial Records tending to prove that proceedings had been taken looking to the execution and delivery of a grant, to be followed up, if possible, by evidence tending to prove that such grant was actually executed and delivered.

4. INSTRUCTIONS—*Assuming facts.*—An instruction which assumes that a party has connected himself with the Commonwealth by an unbroken chain of title, is erroneous. This is a question of fact for the jury.

5. NEW TRIALS—*Payment of costs of former trial.*—After a second trial, a plaintiff cannot for the first time object that the order granting the new trial did not require, as a condition precedent, the payment of the costs of the former trial, especially when no motion was made to set aside the order granting the new trial, nor for an execution for the costs of the former trial.

Argued at Richmond.    Decided at Wytheville.

Error to judgments of the Corporation Court of the city of

Norfolk, rendered January 18, 1894, and November 3, 1894, in an action of ejectment wherein the plaintiffs in error were the plaintiffs, and the defendants in error were the defendants.

*Affirmed.*

The evidence given on the first trial, in October, 1893, was set out in the plaintiffs' bill of exceptions taken at January term, 1894, when the verdict of the jury was set aside. The defendants' bill of exceptions tendered at the same term related to the admission or exclusion of evidence, and to the rulings of the court on the instructions offered at the first trial. The other facts appear in the opinion of the court.

*Burroughs & Bro.*, for the plaintiffs in error.

*Gilmor S. Kendall* and *Harmanson, Heath & Heath*, for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

This was a writ of error to a judgment of the Corporation Court of the city of Norfolk, in an action of ejectment, and involves the title to a lot of ground within or near the present limits of the city of Norfolk. At the first trial, at the October term, 1893, there was a verdict for the plaintiffs, which the defendants moved the court to set aside because contrary to the law and the evidence, and because the court had misdirected the jury in the instructions given for the plaintiffs. The motion was adjourned, and the cause continued to the January term next succeeding, which was the next term of the court for the trial of civil cases. At the January term, 1894, the verdict was set aside, and a new trial awarded, to which ruling of the court the plaintiffs excepted, and during the term filed their bill of exceptions, which was signed, sealed, and made a part of the record. As soon as the verdict in the first trial was set aside, a second trial was had, which resulted

in a verdict for the defendant, which the plaintiffs moved the court to set aside, and grant them a new trial, because the verdict was contrary to the law and the evidence, which motion was adjourned from term to term, and the cause continued until the 3d day of November, 1894, when the court overruled the motion, and gave judgment for the defendant, to which judgment the plaintiffs excepted, and obtained a writ of error from this court.

We are first to consider whether or not there was error in granting the defendant a new trial at the January term, 1894, for if that action was erroneous this court must enter judgment for the plaintiffs on the first verdict, and disregard the subsequent proceedings in the case. Sec. 3484 of the Code; 2 Barton's L. Pr. 726-7; *Tyler* v. *Taylor*, 21 Gratt. 700; *Brown* v. *Rice*, 76 Va. 629; *Terry* v. *Ragsdale*, 33 Gratt. 342. The new trial was granted upon the ground of misdirection by the court in the instructions given for the plaintiffs. During the first trial, at the October term, 1893, the defendant excepted to the introduction of certain evidence, and to instructions given for the plaintiffs, and to the modification by the court of instructions asked for by the defendant, but no formal bills of exceptions were tendered by the defendant till after the verdict on the second trial, at the January term, 1894, when the court refused to sign them, and certified its reasons therefor, and made the certificate a part of the record. This certificate shows that the exceptions were taken by the defendant as set out in her six bills of exceptions, during the first trial and before verdict; and "though the court was advised of its judgment on the motion of the defendant for a new trial, which motion was argued at the October term, 1893, in order to give time for the more convenient consideration of any bills of exceptions which might be tendered to its rulings," it continued the motion to the January term, 1894, that being the next quarterly term of the court, and the only reason for refusing to sign defendant's

six bills of exceptions at the time they were tendered was that the record of the first trial was closed, and could not be reopened, altered, amended, or supplemented, without consent of both parties.

It was said by this court in *Winston* v. *Giles*, 27 Gratt. 537: "In the trial of a case a party may except and tender his bill of exceptions. Not after the trial, and at another and different term, after the case had been ended. The trial may be considered as lasting during the term at which it occurred, for the purpose of completing the record by signing bills of exception in the case, but not during a succeeding term." So in the case of *Powell* v. *Tarry's Adm'r*, 77 Va. 250, it was held that "if it appear from the record that a point decided by the court has been saved before the jury retires, the exception may be prepared, and may be signed by the judge either during the trial or after it is ended, during the same term. If this appears from the whole record it is sufficient, though it is not expressly stated in the bills of exceptions," &c. See also *W. & N. O. Tel. Co.* v. *Hobson, &c.*, 15 Gratt. 138.

What term is here meant, the term at which the verdict is rendered, or at which the judgment of the court is entered? In this case the verdict was rendered at the October term, 1893, a motion to set it aside made, the motion adjourned, and the case continued to the January term, 1894, for the purpose, the judge certifies, of allowing time for the more convenient consideration of any bills of exceptions which might be tendered, &c. The first trial was not therefore ended till the January term, 1894. No day was fixed for the bills of exceptions to be presented. The plaintiffs tendered their bill of exceptions to the ruling of the court in granting the defendant a new trial at the January term, 1894, which was signed and made a part of the record, yet the defendant was not permitted to have her bills of exceptions signed and made a part of the record, although they were tendered at

the same term of the court, and it was admitted that exceptions were taken to the rulings of the court during the trial as set out in the bills of exceptions tendered. We are of opinion that the court below erred in refusing to sign and make a part of the record the bills of exceptions tendered by the defendant during the January term, 1894, and we will therefore consider the exceptions as though they had been duly signed, sealed, and made a part of the record.

The plaintiffs in error to make complete their chain of title to the land in controversy back to the Commonwealth, introduced in evidence, over the objection of the defendant, a certified copy of an entry or memorandum contained in one of the books of the Register of the Land Office, labelled ''Patents,'' claiming that it was a grant from the colonial government of Virginia to one Abram Ellett, from whom plaintiffs derived title, dated March 25, 1664, but it was not signed, nor had the seal of the colony been attached; and, after all the evidence was in, the plaintiffs asked for five instructions, all of which, with some modification, were given to the jury.

The first of these instructions, so far as it need be quoted here, is as follows: ''The court instructs the jury, if they believe from the evidence that the land in the declaration mentioned is embraced within the limits of the title papers of the plaintiffs, beginning with such a patent down to the deed from John Peter Andre to Marie Lemasurier, dated January 30, 1808, and that the plaintiffs are the heirs at law of Marie Lemasurier, they have title to the land in controversy, and are entitled to recover possession thereof, unless they shall further believe from the evidence that the defendant, and those under whom she claims, have been in actual, open, visible, hostile, notorious, exclusive, uninterrupted and continuous possession thereof for 15 years at any time prior to the 31st day of December, 1892, the date of the institution of this suit.''

In the case of *Holleran* v. *Meisel*, 87 Va. 398, a similar

paper to the one introduced in this case was introduced, and it was claimed that such entry or memorandum was of itself a grant from the Commonwealth; and the Circuit Court, by an instruction, assumed and instructed the jury, in effect, that the entry or memorandum, of which the copy introduced in evidence was taken, was in itself a patent. Upon an appeal in that case, this court held that the Circuit Court erred in giving the instruction, as it did not leave to the jury the question whether upon the evidence a patent had in fact been issued to the alleged patentee; that standing by itself the entry or memorandum in the books in the office of the Register of the Land Office labelled "Patents," was a nullity as a grant, and only admissible in evidence as "a memorandum from the Colonial Records, tending to prove that proceedings had been taken looking to the execution and issuing of a grant, to be followed up, if possible, by evidence tending to show that the grant so contemplated and begun was actually executed, issued, and delivered." And in the same case appealed to this court a second time, 91 Va. 143, the construction placed on the so-called "patent" by this court, on the former appeal, was approved, and because the Circuit Court had given an instruction which assumed that the paper was of itself a patent, its judgment was reversed, and the cause remanded for a new trial. Although the Circuit Court in that cause spoke of the paper in the instruction as the " alleged patent," it was said by Riely, J., in the opinion of this court, "it may be inferred from this, that the court did not intend to instruct that it was a patent; but if so, the instruction was calculated to mislead the jury, and for that reason, was erroneous, and the effect the same."

If, however, the ruling of this court in *Holleran* v. *Meisel*, *supra*, should not control our decision as to the correctness of plaintiffs' instruction No. 1, as is contended for plaintiffs in error, still the instruction is erroneous, for it not only assumed that the copy of the entry or memorandum contained in the

book in the Land Office labelled "Patents," was in itself a patent, but assumed that the plaintiffs had connected themselves, by an unbroken chain of title, with the Commonwealth. Whether or not they had done so was a question of fact for the jury.

It follows, therefore, that we are of opinion for this reason that the verdict at the first trial should have been set aside, and a new trial granted the defendant.

Having taken this view as to the first instruction, it becomes unnecessary to consider the other instruction given for the plaintiffs to which the defendant excepted.

It is assigned as error, that the order of the court granting a new trial at the January term, 1894, did not require the defendant, as a condition of the new trial, to pay the costs of the former trial.

In the case of *Central Land Co.* v. *Obenchain*, 92 Va. 139, it was said by the court: "Where a verdict has been set aside and a new trial granted, sec. 3542 of the Code requires that the party to whom the new trial is granted shall, previous to such new trial, pay the costs of the former trial, unless the court shall enter of record that the new trial was granted because of the misconduct of the opposite party, and shall otherwise order. But if he fails to pay the costs on or before the next term after the new trial is granted, the court may, upon motion of the opposite party, set aside the order granting it, and proceed to judgment on the verdict, or award execution for such costs, as may seem to it best. If, however, the costs have not been paid as required, and the opposite party does not move the court to set aside the order granting the new trial, and render judgment upon the verdict, but proceeds with the new trial, he will not be heard afterwards to object in the trial court or in an appellate court, that the costs of the former trial have not been paid." See also *Haupt* v. *Tebault*, *ante* p. 184.

In the case at bar the plaintiffs made no motion to set aside

the order granting the new trial, or for an execution for the costs of the former trial, but upon their motion at the January term, 1894, when the order for a new trial was made, a second trial was at once gone into. They cannot, therefore, be heard to object that the order did not require the defendant to pay the costs of the former trial as a condition precedent to the second trial.

In the second trial, as in the first, the defence was adverse possession for the period of the statutory bar.

There was no exception to the introduction of evidence, nor to the instructions given for the defendant, and the case was fairly submitted to the jury.

The only error assigned is to the ruling of the court in refusing to set aside the verdict as contrary to the law and the evidence. Whether or not there had in fact been a grant from the Commonwealth to Abram Ellett for the land in controversy, from whom the plaintiffs claimed to have derived their title, and whether or not the defendant and those under whom she claimed, had been, for the period of the statutory bar, in adversary possession of the land under color of title were questions of fact submitted to the jury upon instructions not objected to, and the verdict was for the defendant. The case is before us, therefore, upon this writ of error as upon a demurrer to the evidence, the nature and effect of which have been so frequently defined by this court that it is needless to do more than to refer to the recent case of *Johnson's Adm'r* v. *C. & O. R. Co.*, 91 Va. 171, and authorities there cited.

There was no evidence whatever, other than the copy of the entry or memorandum taken from the book in the office of the Register of the Land Office, labelled ''Patents,'' introduced by plaintiffs to prove that ''the grant so contemplated and begun was actually executed, issued, and delivered'' to Abram Ellett. They did not deduce title from the Commonwealth by a regular and unbroken chain. Nor was there the slightest evidence other than recitals in one or more deeds in-

troduced by the plaintiffs (which are evidence only against the parties to the deeds and their privies), to show that the plaintiffs, or those under and through whom they claim ever had actual possession of the land in controversy, and performed acts of ownership upon it at any time. The authorities cited by counsel sustaining the doctrine that an uninterrupted and peaceable possession by a plaintiff and those under whom he claims for 15 years anterior to the ouster, is sufficient to enable him to maintain ejectment, have no application whatever to this case.

Upon a review of the whole case, it cannot be said that the verdict of the jury was without evidence, or against the evidence, therefore the judgment of the court below must be affirmed.

*Affirmed.*