## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

VIRGINIA DEVELOPMENT CO. V. RICH PATCH IRON CO.

NOVEMBER 22, 1900.

Absent, Phlegar, J.*

1. BILLS OF EXCEPTION—*Signing After Adjournment of Term.*—After final judgment at law and the adjournment of the term, the judge of the court has no power to sign bills of exception to rulings made during the trial, although it be done by agreement of counsel, and by leave of the court entered of record during the term. Such bills are no part of the record, and the fact that they were signed in vacation appearing in the record here, this court will take notice of it *ex mero motu.*

2. BILLS OF EXCEPTION—*Signing After Term—How Leave Reserved.*—In order to give to a court, at a subsequent term, authority to sign a bill of exception in a case tried at a previous term, some control must be reserved over the case by the court during the term of trial, as by failure to enter judgment, or entering a motion for a new trial and continuing it until the next term, or by leave reserved to sign a bill of exception on or before a particular day of the next term, and the presentation of the bill for signature in accordance with the terms of the leave reserved.

Error to a judgment of the Circuit Court of Alleghany county, rendered September 1, 1899, in an action of *assumpsit,* wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*This case was argued and submitted before Judge Phlegar qualified.

*Phlegar & Johnson,** *E. M. Pendleton* and *W. B. Kegley,* for the plaintiff in error.

*R. L. Parrish & Son,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The final order in this case shows that the jury returned the following verdict:

"We, the jury, upon the issue joined, find for the defendant in the sum of $1,754.81, with legal interest thereon from the 15th day of October, 1897, until paid."

Thereupon, the plaintiff moved the court to set aside the verdict and grant it a new trial, on the ground that it was contrary to the law and the evidence, which motion the court overruled, "to which ruling of the court, overruling its motion to set aside the verdict of the jury, and grant it a new trial, as well as to sundry rulings of the court upon the trial of the cause, the plaintiff excepts; and by agreement of counsel, and for reasons appearing to the court, leave is hereby given the plaintiff to file bills of exception within sixty days from the rising of the court—such bills to have the same effect as if signed, sealed, enrolled, and filed during the present term. Whereupon, it is considered by the court that the defendant recover against the plaintiff the sum of seventeen hundred and fifty-four dollars and eighty-one cents ($1,754.81), with legal interest thereon from the 15th day of October, 1897, until paid, and its costs by it in this behalf expended."

The following order entered in vacation on the 16th day of October, 1899, appears in the record:

*By request of his associate counsel, the statement is made that Judge Phlegar was not of counsel in the lower court.

"*Virginia Development Company* v. *Rich Patch Iron Company*. This day came the parties by counsel, and the plaintiff tendered its five bills of exceptions, Nos. 1, 2, 3, 4 and 5, and by consent of parties, they are signed and made a part of this record.

" The clerk of the Circuit Court of Alleghany county will enter this order in his law-order book.     S. H. LETCHER.

"The bills of exception referred to in the foregoing order are as follows:"

Then come in order the several bills of exceptions so signed by the judge in vacation.

The first question which presents itself for our consideration is, can bills of exceptions be signed by the judge of a court in which a trial at common law takes place after the court has adjourned?

No exception or objection to the consideration of the bills of exceptions appearing in the record has been made by counsel, but as the record discloses the fact that the bills of exceptions were signed in vacation, it presents for consideration a question which goes to the root of our jurisdiction, and is therefore one which it is our duty to decide before proceeding further in the case.

· It appears that a final judgment was entered, and that the court adjourned without having signed, and made part of the record, bills of exceptions taken to the rulings made during the progress of the trial.  No control over the judgment is reserved in the judgment.  It is final and complete, unless power to add to the record is conferred upon the judge in vacation by the following language embodied in the order: " By agreement of counsel, and for reasons appearing to the court, leave is hereby given the plaintiff to file bills of exception within sixty days from the rising of the court, such bills to have the same effect as if signed, sealed, enrolled, and filed during the present term."

The subject of signing bills of exceptions has been carefully considered in this court in several cases, and the principles by which we are to be guided seem to be well settled.

In *Winston* v. *Giles*, 27 Gratt. 530, it appears that the plaintiff excepted to the opinion of the court given against him upon the trial of the cause, and leave was given him until the first day of the next term to file his bills of exception. During the following term, and after the first day thereof, bills of exception which appear to have correctly stated the evidence were presented to the court, but the defendant, by his counsel, objected to the signing of them, on the ground that the record was closed, and that the court had no power to reopen the same, which objection of the defendant being maturely considered, was sustained, and the court refused to sign the said bill; the court certifying "that the judgment to which the plaintiff excepts was rendered on Saturday, December 23, 1871; that the court finally adjourned for that term on December 27, 1871, and did not sit upon December 25, 1871; that the present term of this court began on the 5th day of February, 1871, and that the bill of exceptions, now tendered for signature, was handed to defendant's counsel some two weeks before this date."

The court in that case considered the following propositions: "Can a bill of exceptions to an opinion of the court given on the trial of the cause be signed by the court after the end of the term during which final judgment is rendered in the cause, at least, unless the parties to the cause consent to such signature? And, secondly, if that can be done at all, and a day is named by the court in a succeeding term for tendering and signing such a bill, which, however, is not accordingly tendered, and of course is not signed on that day, and no notice is then taken of the matter, must the court sign a bill tendered on a later day of the term, even though such bill correctly state the facts of the case and the opinion of the court, to which

the exception applies?" It was held that " in the absence of
any special statute, or any authoritative decision, or settled and
established practice on the subject, such as exists in some other
States, a bill of exceptions to an opinion given by the court on
the trial of a cause ought to be tendered at least before the
end of the term during which the final judgment in the cause is
rendered. A bill of exceptions, when duly tendered and signed,
becomes a part of the record in the cause, and cannot, therefore,
be properly or regularly added to the record of a cause after
that cause is ended by final judgment therein, and after the
power of the court over it is ended by the close of the term of
the court, during which the judgment is rendered. The rule
at common law is that,` during the term wherein any judicial
act is done, the record remains in the breast of the judges of
the court and in their remembrance, and, therefore, the roll is
alterable during that term as the judges shall direct; but when
that term is past, then the record is in the roll, and admits of
no alteration, averment, or proof to the contrary."

The principle established by that case and that of *Telegraph
Co.* v. *Hobson,* 15 Gratt. 122, is that exception should be taken
at the time when the ruling is made, so as to give notice of it to
the adverse party, and "that, on being properly taken at the
time, a formal bill of exceptions may be drawn up and tendered
by the exceptant at such time afterwards, during the same term,
as may be prescribed or allowed by the court. Convenience
seems to require this measure of indulgence, but does not seem
to require more, and to give more, would create dangers and
difficulties, which are obvious, and ought to be avoided, if possi-
ble, without encountering greater evils."

The opinion in *Winston* v. *Giles* goes on to show that the
power of a court to sign bills of exception and make the facts
therein stated a part of the record is not derived from the com-
mon law, but is of statutory origin. Our statute upon the
subject was taken from that of Westminster 2, 13 Ed. 1 chap.

31, and it has "continued upon our statute book in the same quaint language, which, by successive changes in our judicial system, had become very awkward, and to some extent unintelligible, down to the period of our revision in 1849, when it was materially modified and curtailed by the revisors, and the law as it now stands in our Code was recommenced by them and adopted by the Legislature. There is nothing in the law as it stood in the Code of 1819, which seems to afford any warrant for the idea that it authorized a bill of exception to be tendered to the court after the end of the term at which the judgment complained of was rendered. It is said that the law prescribed no period for tendering the bill, which might, therefore, be tendered at any convenient time. But the very nature of the case implied that the bill should be tendered at the same time, or at least during the same term, at which the judgment was rendered. The bill was to be a part of the record, which would be unalterable and unamendable by the same court, except for a clerical error, after the end of the term. It was, therefore, unnecessary expressly to name what was so plainly implied. We think that the early and leading case of *Wright* v. *Sharp*, 1 Salk. 288, decided by Lord Chief Justice Holt, shows that this was the then construction of the statute. But if there could be any doubt about the construction of that statute, there ought, we think, to be none in the construction of the law as it now stands in the Code. The words of it are: ' In the trial of a case at law, in which an appeal, writ of error, or *supersedeas* lies to a higher court, a party may except to any opinion of the court and tender a bill of exceptions, which (if the truth of the case be fairly stated therein) the judge or justices, or the greater part of those present, shall sign; and it shall be a part of the record of the case.' In the trial of a case, a party may except and tender his bill of exceptions. Not after the trial, and at another and different term, after the case had been ended. The trial may be considered as lasting during the

term at which it occurred for the purpose of completing the record by signing bills of exception in the case, but not during a succeeding term."

The case from which we have quoted so extensively establishes beyond controversy that the power under consideration is of statutory origin, and that, by the terms of our statute, it could not be exercised after the end of the term at which a final judgment was rendered; that in order to give to a court at a subsequent term authority to add to the record by signing a bill of exception, some control must be reserved over the case by the court in term, as by failure to enter a judgment, by entering a motion for a new trial and continuing it until the next term, or by leave reserved to sign a bill of exception on or before a particular day of the next term, and the presentation of the bill of exception for signature in accordance with the terms of the leave reserved.

In *Moses* v. *Cromwell*, 78 Va. 671, 673, it is said that bills of exception "cannot be properly or regularly added to the record of a case after that case has been ended by a final judgment rendered therein, and the power of the court over the record has terminated by the close of the court in which the trial is had, is a matter now generally understood."

In *Hudgins* v. *Simon*, 94 Va. 659, this subject was considered by this court, the authorities reviewed, and it was held that "where points are saved during the progress of the trial of an action at law, the formal bills of exception may be written out and signed at the term at which the judgment is rendered, although that be after the term at which the verdict was rendered."

The signing of bills of exception so as to make them a part of the record is a judicial act, and such a judicial act as the court itself was powerless at common law to perform even during the term at which the judgment was rendered, or at any time. The power of a court to do so, as we have seen, is derived

from, and is measured by, the statute, and neither in *Telegraph Co.* v. *Hobson*, nor in *Winston* v. *Giles, supra,* where this subject is so exhaustively considered, is there a suggestion that the judge in vacation is within the letter or spirit of the statute, or that by consent he could be clothed with power to add to the record in a case which had been closed by a final judgment.

From what source is the power to do so derived? Not from the statute, for the statute, as is shown in *Winston* v. *Giles,* contemplates that the signature of the judge shall be affixed during the trial; not by virtue of any vigor imparted to it by leave emanating from the court, for it will hardly be contended that the court can delegate the exercise of any of its functions to an individual, and the judge in vacation is no more the court, except as to such powers as are expressly conferred upon him by statute, than any other citizen; not by consent of parties, for consent of parties does not confer jurisdiction.

In *Tyson* v. *Glaize,* 23 Gratt. 799, it is held that a circuit court has no authority to make a decree or render a judgment in vacation, except such decrees and orders as are authorized by statute, and the consent of parties cannot give jurisdiction.

That was a case in chancery, and, coming on to be heard during a term of the court, it was by consent of parties ordered that the cause be submitted to the court, and that its decision should be entered in vacation as of the last day of the term.

Here we have the consent of the parties, and the decree of the court conferring upon the judge in vacation authority to enter a decree in chancery, and we have the unanimous opinion of this court, "that judges have no jurisdiction to perform any judicial function in vacation, except where the power is expressly conferred, as to grant injunctions and appeals, to hear motions to dissolve injunctions, to direct accounts, and to perform such other functions as are expressly authorized by law. And no power being conferred by statute, when the decree in this cause was entered, to pronounce and enter decrees in vaca-

tion, and consent of parties, or their counsel, not giving juris-
diction, the court is of opinion that the order made in the cause,.
directing the decree to be made and entered in vacation, was
erroneous; and that the supposed final decree made and entered
in pursuance of such order, is not the decree of the court.".

It appears that in the case of *Davis* v. *Poland,* 92 Va. 225,.
the bills of exception were signed in vacation, as was done in the
case before us; that a writ of erorr was awarded, and that case
heard and reversed in this court.

A uniform and long-continued practice is entitled to much.
consideration. As was said in *Brown* v. *Epps,* 91 Va. 729:.
"Where it appears that courts of all grades in the State, from.
justices of the peace to this court, have gone on uninterruptedly
for many years to exercise jurisdiction under a statute, and that
during all that time there has been no doubt entertained nor·
question raised as to the constitutionality of the law—when all
this has been done in the presence of an able and inquisitive;
bar—a strong presumption is raised that the attack has not been,
made upon the constitutionality of the law, because, in the
judgment of the courts and of the profession, no such ground·
of objection existed."

Courts must rely upon the intelligent scrutiny by counsel of
the records under investigation, to call attention to errors com-
mitted, or to any departure or deviation from established modes
of procedure. In the case at bar, and in that cited, the court,
was deprived of this most essential aid to the administration.
of justice. Counsel were precluded by previous arrangement
from making objection to the manner in which the bills of
exceptions in the case cited from 92 Va. were authenticated,.
and in that case, it escaped the attention of the court. But·
apart from all this, the fact that bills of exception have been·
signed in vacation. in one county, or even though it should be·
made to appear that it had been done in other counties, cannot
be deemed to have established a practice that would overcome·

the plain and positive decisions of this court upon the law. While, therefore, it is a matter of regret that our attention was not sooner directed to the question, our conclusion cannot be influenced by the fact that, in other cases under the circumstances disclosed, we failed to discover a defect which we are constrained to hold in this case is fatal.

We have been forced to the conclusion that the leave of court to that end, reinforced by consent of parties, cannot confer authority upon the judge in vacation to sign a bill of exceptions and make it a part of the record. Regarding it as a jurisdictional question, we have felt it our duty to examine and decide it, though not presented to us by counsel, and though in contravention of the agreement among them. The course of procedure is established by law, and it is our duty to see that it is observed, until the Legislature in its wisdom shall see fit to change that course of procedure by statute. It is not a question of expediency. It is a question of power, and it is with regret that we have reached the conclusion that the bills of exception copied into the record are not properly authenticated, and cannot be considered.

No error appearing in the record the judgment of the Circuit Court is affirmed.

*Affirmed.*