## Staunton.

BATTERSHALL AND OTHERS V. ROBERTS.

107, 269
f110 270
f110 653

September 12, 1907.

1. BILLS OF EXCEPTION—*When to be Filed—Consent of Record.*—Under the
provisions of section 3385 of the Code of 1904, the consent of coun-
sel that bills of exception may be signed after the lapse of thirty
days from the adjournment of the term at which an opinion of the
court is announced to which exception is taken, must be entered of
record as a part of the final order of the court in the cause, else
the exception is not well taken, and the bill is no part of the record.
The court cannot, on the mere motion of the exceptor, and without
such consent entered of record, postpone from term to term the sign-
ing of such bills. A memorandum signed by counsel on both sides,
and annexed to bills of exception filed several terms thereafter, to
the effect that such bills of exception "have been examined and
agreed to," is not sufficient. The signing of bills of exception so as
to make them a part of the record is a judicial act of purely
statutory origin, and the provisions of the statute must be strictly
observed.

Error to a judgment of the Circuit Court of Carroll county
in an action of ejectment. Judgment for the plaintiff. De-
fendants assign error.

*Affirmed.*

The opinion states the case.

*Bolen & Tipton,* for the plaintiffs in error.

*N. P. Oglesby* and *M. M. Caldwell,* for the defendant in
error.

CARDWELL, J., delivered the opinion of the court.

This is an action of ejectment brought in the Circuit Court of Carroll county, in which the jury returned the following verdict: "We, the jury, find for the plaintiff in fee simple the land in the declaration mentioned;" and the final order in the case, entered at the term at which the verdict was returned, is as follows:

"Whereupon the defendants moved the court to set aside the verdict of the jury and grant them a new trial, which motion the court overruled. The defendants then moved the court in arrest of judgment, which latter motion the court likewise overruled. Therefore it is considered by the court that the plaintiff recover against the defendant the land in the declaration mentioned in fee simple, as therein claimed and specified, and her costs by her about her suit in this behalf expended. To which ruling of the court, in refusing to set aside the said verdict and to arrest the judgment, the defendants excepted, and they are allowed to the next term to file their bill of exceptions and spread the facts."

On the 9th day of May, 1905, at a subsequent term of the court, this order was entered: "On motion of the defendants, they are allowed until the next term of this court to file their bills of exceptions and spread the facts in the case." A similar order was made at a still subsequent term, September 14, 1905, and again on the 12th day of December, 1905; and finally, at a term of the court held on the 10th day of March, 1906, an order was entered in the cause as follows: "The defendants this day presented their four bills of exceptions, in which are contained the facts proven on the trial of the case, which bills are signed, sealed and made a part of the record." Then follow the four bills of exception referred to, to which a memorandum, signed by counsel for plaintiff and defendants, is annexed, in the following words: "The foregoing four bills of exceptions have been examined and agreed to."

The first question presented for our consideration is, are the

bills of exception copied into the record properly authenticated?

If the memorandum annexed to the four bills of exception could be construed as an agreement between counsel that the bills of exception might be then signed and made a part of the record, the question still remains, whether or not they could, by such an agreement, be engrafted upon the record for consideration by this court?

In the case of *Virginia Development* Co. *v. Rich Patch Iron Co.,* 98 Va. 700, 37 S. E. 280, the final order entered in the circuit court contained the following language: "By agreement of counsel, and for reasons appearing to the court, leave is hereby given the plaintiff to file bills of exception within sixty days from the rising of the court, such bills to have the same effect as if signed, sealed, enrolled, and filed during the present term;" and this court held that there was no authority under the statute for the circuit court to sign bills of exception after the term at which the final judgment was entered, and that bills of exception so signed and copied into the record were not properly authenticated and could not be considered.

Following the decision in that case, the statute in force since the adoption of the Code of 1849 (which provided that bills of exception could be signed during the term at which the final judgment was entered) (*Hudgins* v. *Simon,* 94 Va. 659, 27 S. E. 606), was amended by an act approved February 15, 1901 (Acts 1901, p. 186), so that any bill of exception might be tendered to the judge and signed by him, either during the term at which the opinion of the court was announced to which exception was taken, or in vacation within thirty days after such term, or at such other time as the parties by consent entered of record might agree upon; and that any bill of exception so tendered shall be part of the record of the case. Va. Code, 1904, sec. 3385.

It is clear, upon reading the statute as thus amended, that in order to clothe the judge of the trial court with authority

after the court is adjourned for the term, to authenticate and make part of the record bills of exception to rulings of the court noted during the trial, as was attempted in this instance, the consent of the parties that this may be done must be entered of record as a part of the final order of the court in the cause.

As was said in *Lynchburg Cotton Mills* v. *Stanley*, 102 Va. 590, 46 S. E. 908, the object of the act was to extend the time within which bills of exception might be taken; but in order to perfect bills of exception duly taken to rulings during the trial, they must be presented in vacation within thirty days after final judgment, or within such time as the parties shall agree, of record.

In *Hoover* v. *Saunders*, 104 Va. 783, 52 S. E. 657, it was held that, in the absence of any agreement between the parties, bills of exception can only be signed during the term at which the opinion of the court is announced, to which exception is taken, or in the immediately succeeding vacation, within thirty days after the end of that term. They cannot be signed during a succeeding term, nor during any other vacation than that immediately succeeding the term at which the opinion was announced. The beginning of a new term, although within thirty days, puts an end to the court's jurisdiction to sign such bill.

It appears in this case, not only that a final judgment was entered at the March term, 1905, of the circuit court, but that the court, by its order entered at its subsequent May term, 1905—not by consent of the parties entered of record, as the statute requires, but on the motion of the defendants—allowed the defendants until the next term of the court to file their bills of exception, etc., and by similar orders, the matter of authenticating and filing the bills of exception was kept open until the March term of the court, 1906, which was wholly without any authority conferred by the statute.

In *Va. Devel. Co.* v. *Rich Patch I. Co., supra,* it is shown that the power to authenticate bills of exception and make

them a part of the record in the trial of a case at law, in which a writ of error or supersedeas lies to a higher court, is of statutory origin, and that, by the terms of our statute then in force, it could not be exercised after the end of the term at which the final judgment was rendered; that, in order to give the court, at a subsequent term, authority to add to the record by signing a bill of exception, some control must be reserved by the court over the case, as by failure to enter a judgment, by entering a motion for a new trial and continuing it until the next term, or by leave reserved to sign a bill of exception on or before a particular day of the next term, and the presentation of the bill of exception for signature in accordance with the terms of the leave reserved; in other words, the statute conferring authority upon the trial court to add to the record by signing a bill of exception must be strictly observed, the signing of bills of exception so as to make them part of the record being a judicial act, and such a judicial act as the court itself was powerless at common law to perform, even during the term at which the judgment was rendered, or at any time.

In the case at bar, the statute has not been observed. Therefore, though with regret, we have to reach the conclusion that the bills of exception copied into the record are not properly authenticated, and cannot be considered.

It is, perhaps, well to call attention to the fact that more miscarriages, in the effort to bring the rulings of trial courts under review in this court, have occurred in the six years since the amended statute, *supra,* has been in force, than in all the years prior to its passage. And why? Simply because the statute has not, in the cases where the miscarriages have occurred, been strictly followed, as is absolutely necessary, in order to confer authority upon the judges of trial courts, to sign a bill of exception, and make it a part of the record, after the adjournment of the term at which the final judgment in the cause is entered.

The bills of exception copied into this record not being prop-

erly authenticated, for that reason cannot be considered, and therefore, no error appearing in the judgment of the circuit court, it has to be affirmed.

*Affirmed.*