## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## MOORE V. HARRISON.

### January 16, 1913.

1. BILLS OF EXCEPTION—*When to Be Filed—Consent of Record—When to Be Made.*—Under the provisions of section 3385 of the Code, as amended (Acts 1908, pp. 336-7), bills of exception may be tendered to the judge and signed by him either during the term at which the opinion is announced, to which exception is taken, or within thirty days thereafter, or at such other time as the parties by consent entered of record may agree upon, but if the time is extended by consent, such consent must be entered of record before the adjournment of the term at which the final judgment complained of was entered. It cannot be entered of record thereafter. Bills of exception cannot be filed except at the time and in the manner pointed out by said section. The matter is jurisdictional.

2. BILLS OF EXCEPTION—*Failure to File in Time—Act of March 13, 1912.* The failure to file bills of exception within the time prescribed by the statute is not a failure to properly identify or certify "any record or part thereof, testimony or proceeding" so as to make it a part of the record of the case, and, hence, is not within the curative provisions of the act of March 13, 1912 (Acts 1912, pp. 533-4).

Error to a judgment of the Circuit Court of New Kent county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

⸱ *Writ Dismissed.*

The opinion states the case.

*Haw & Haw,* for the plaintiff in error.

*L. O. Wendenburg,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

All the errors assigned on this writ of error are based upon bills of exceptions signed by the trial judge, but which the defendant in error claims are not properly a part of the record. The plaintiff in error insists that if the bills of exceptions are not in the opinion of this court properly identified and certified so as to make them parts of the record, this court must, before hearing the case, direct the trial court to cure the defects in the record under an act approved March 13, 1912, chapter 238, pp. 533-4, Acts of Assembly, 1912.

That act is as follows:

"1. Be it enacted by the General Assembly of Virginia, That no case shall be heard or decided in the court of appeals on an imperfect or incompetent record, but when said court shall be of opinion that any record or part thereof, testimony or proceeding has not been properly identified or certified so as to make it a part of the record in the case, and to bring it properly before the appellate court, and that justice may be done by directing the trial court to cure the defects in the record, it shall so order; and when the defects shall have been so cured it shall proceed with the hearing on the merits."

If the only difficulty in this case were that the paper described as bills of exceptions had not been properly identified and certified, it would clearly come within the remedial provisions of the statute quoted, and this court would, before proceeding further, direct the trial court to cure the defects in the record as provided by that statute. But it appears from the order entered in the cause on May 24, 1911, that there was a trial of the cause which resulted in a verdict for the defendant; that there was a motion made to set it aside, which was overruled, to

which action of the court the plaintiff excepted, and on his motion leave was given him to file his bills of exceptions within sixty days from the rising of the court; and that a final judgment was rendered in accordance with the verdict.

At the July term, 1911 (July 25), the following order was entered:

"Chas. A. Moore

    vs.         Order.

C. L. Harrison.

"By consent of the plaintiff and defendant hereby given and to be entered of record the time allowed the plaintiff to file his exceptions in this case is hereby extended until and to include the first day of the next term of this court, that is the fourth Tuesday in September, 1911, and upon the application of the plaintiff the execution of the judgment in this case is suspended for 60 days from this 25th day of July, 1911."

At the next September term (Sept. 26), the following order was entered: "By consent of the plaintiff and defendant hereby given and entered of record the time allowed the plaintiff to file his exceptions in this case is hereby extended until Thursday, October 26, 1911, and upon application of the plaintiff the execution of the judgment in this case is suspended for thirty days from the 26th day of September, 1911."

The bills of exception to which objection is made are all dated October 24, 1911, and were filed under the orders quoted.

By section 3385 of the Code, as amended by act approved March 12, 1908, Acts of Assembly, 1908, pp. 336-7, bills of exceptions may be signed by the judge "during the terms at which the opinion of the court is announced to which exception is taken, or within thirty days after the

end of such term, either in term or in vacation, whether another term of the court was conveyed or not, or at such other time as the parties by consent entered of record may agree upon * * *."

The bills of exception were not signed during the term at which the final judgment complained of was entered, nor within thirty days after the adjournment of that term, nor was there any consent entered of record during that term fixing a time within which they might be signed. There was no authority, after the adjournment of the court for the term at which the said final judgment was entered for the court to enter the consent orders of July 25 and September 26.

It was held in *Battershall, &c.,* v. *Roberts,* 107 Va. 269, 58 S. E. 588, that the consent of counsel that a bill of exceptions may be signed after the lapse of thirty days from the adjournment of the term at which the opinion of the court is announced to which exception is taken must be entered of record as a part of the final order in the cause, else the exception is not well taken and the bill is no part of the record. Consent of record entered before the adjournment of the term at which there is a final judgment in the cause is "of the very essence of his jurisdiction," and without it, after the lapse of thirty days from the adjournment of the court, the judge has no authority or power to act. *Wright's Case,* 111 Va. 873, 69 S. E. 956.

The power of the judge to sign bills of exception is derived from and is measured by the statute, and can only be exercised in accordance with its provisions. *Va. Dev. Co.* v. *Rich Patch I. Co.,* 98 Va. 700, 706-7, 37 S. E. 280.

The court is of opinion that the said bills of exception not having been signed by the judge within the time prescribed by the statute are not parts of the record.

All the assignments of error being based, as before stated, upon these bills of exceptions, upon matters not in

the record, it follows that there are no errors assigned within the meaning of section 3464 of the Code. The writ of error must, therefore, be dismissed as improvidently awarded. *Orr* v. *Pennington,* 93 Va. 268, 24 S. E. 928.

*Writ Dismissed.*