# Richmond.

## CANTER v. COMMONWEALTH.

### March 23, 1916.

1. BILLS OF EXCEPTION—*When to be Filed—Acts 1916, p. 722—Retroactive in Operation.*—Under section 3385 of the Code as amended by Acts 1916, p. 722, consent to extend the time within which a bill of exception is required to be filed may be entered of record either during the term at which the opinion or judgment excepted to was rendered, or during any subsequent term or vacation, and the section, as amended, is expressly made retroactive in its operation. The case at bar is within the retroactive feature of the amendment, and the bill of exception certifying the evidence, while not properly certified, when taken, is now properly before the court, and it is conceded that the evidence is not sufficient to support the verdict of the jury.

Error to a judgment of the Circuit Court of Washington county.

*Reversed.*

The opinion states the case.

*N. P. Oglesby, Geo. M. Warren* and *Bolling H. Handy,* for the plaintiff in error.

*John Garland Pollard, Attorney-General,* and *C. B. Garnett, Assistant Attorney-General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

This writ of error brings under review the judgment of the Circuit Court of Washington county overruling the motion of the prisoner, James Canter, for a new trial, and condemning

him to death for the murder of Maude Wilson, in accordance with the verdict of the jury.

The attorney-general and assistant attorney-general, with characteristic fairness, concede that the evidence is insufficient to sustain the conviction; yet, they conceived it to be their duty to call the court's attention to the fact that the evidence, though copied into the record, was not made part of it by proper bill of exceptions. The bill of exceptions did not comply with section 3385 of the Code, as amended by the act of March 24, 1914 (Acts 1914, p. 419), as construed in the cases of *Battershall* v. *Roberts,* 107 Va. 269, 58 S. E. 588, and *Moore* v. *Harrison,* 114 Va. 424, 76 S. E. 920. The consent to extend the time, not more than sixty days, within which to tender the bill of exceptions, although given within thirty days from the date of the judgment, was not entered of record during the same term, but at a subsequent term.

It was held in *Battershall* v. *Roberts* and *Moore* v. *Harrison,* *supra,* that such consent, to be effective, must be entered of record at the term at which the judgment was rendered, and not thereafter.

That objection, however, has been removed, so far as concerns this case, by a recent amendment of section 3385. See Acts 1916, p. 722. The amended act is retroactive in operation, and provides that such consent "may be entered either during the term at which the opinion or judgment excepted to is rendered, or during any subsequent term or vacation,"  .  .  .

We have carefully examined the evidence and concur in the view expressed by the attorney-general and his assistant that it is inadequate to connect the prisoner with the crime with that degree of certainty required by the criminal law of this Commonwealth. The only direct testimony on the subject, by an eyewitness, is that of Luther Canter (the elder brother of James Canter), the self-confessed murderer of Mrs. Wilson,

who exculpated him from all complicity with the offense, and who himself has suffered the extreme penalty of the law for this atrocious murder. It is not necessary to analyze the evidence for the Commonwealth; as remarked, it is not sufficient to justify a conviction.

The judgment must, therefore, be reversed, and the case remanded for a new trial should further prosecution of the accused be deemed advisable.

*Reversed.*