# Richmond

W. L. LAWRENCE & SON, INC. v. LEONARD C. MERKEL,
AN INFANT, ETC.

January 14, 1937.

Present; Campbell, C. J., and Holt, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*James H. Price, L. C. Caldwell* and *David Meade White*, for the plaintiff in error.

*Kirsh & Bazile* and *W. W. Beverley*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This is an action at law by notice of motion for judgment for damages alleged to have been sustained by the plaintiff below, defendant in error here, on account of injuries sustained by him in an automobile accident in which the defendant was charged with negligence.

There were two trials of the case. In the first trial the verdict of $100 for the plaintiff was set aside by the court on account of inadequacy of damages. The second trial which was upon the question of damages alone resulted in a verdict of $3,600 for the plaintiff which was sustained by the trial court.

We have before us immediately a motion to dismiss the writ of error because the plaintiff in error has failed to comply with the requirements of section 6252 of the Code of Virginia (as amended by Acts 1930, chapter 246) in relation to bills of exceptions.

The captions of two bills of exception by which it was sought to make the evidence in both trials a part of the record are signed by the trial judge, and they were signed within the required statutory period, but these captions were not attached to transcripts of the evidence and the transcripts themselves were not signed by the judge, so that there was no identification by the judge of the evidence.

The same condition obtains as to the captions of the bills

of exception relating to the instructions which were given by the trial court.

The trial judge signed the following certificate relating to the evidence adduced at each trial.

"In the Circuit Court of Henrico County.
Leonard Merkel
-v-
W. L. Lawrence and Son Inc.
"I hereby certify that on December 18, 1934, at the same time and along with certificate of exception No. 1, but not physically attached thereto, there was presented to me by counsel for the defendant, in the presence of counsel for the plaintiff, the Stenographic Report of the evidence referred to in said certificate which was examined by me and returned to counsel for the defendant along with said certificate of exception; and I further certify that the evidence contained in said Stenographic Report so presented to me is the same evidence incorporated in the record of this case and constitutes all the evidence introduced upon the trial of this case.
"Given under my hand this 6th day of March, 1935.
JULIEN GUNN, Judge."

This does not remedy the situation for the perfectly obvious reason that it was signed on March 6, 1935, which was a hundred and thirty-five days after the final judgment in the case which was on October 22, 1934. The statute referred to requires that the bill of exceptions be presented to the judge within sixty days from the time final judgment is entered which shall be signed by him within seventy days of the date of such judgment.

The certificate of the clerk of the trial court makes the matter perfectly plain. It is as follows:

"State of Virginia, County of Henrico, to-wit:
"I, Samuel P. Waddill, Clerk of the Circuit Court of the said County, do certify that the foregoing skeleton bills of exceptions were delivered to me by L. C. Caldwell, Counsel

for defendant on December 18, 1934, and that the transcript of testimony referred to in certificate of exception Nos. 1 and 5, were delivered to me by L. C. Caldwell, Counsel for W. L. Lawrence and Sons during the first week of February, 1935.

"I further certify that skeleton bill of exception Nos. 2 and 4, relating to the instructions were delivered to me by L. C. Caldwell, Counsel for defendant, December 18, 1934, and that at that time the instructions given on both trials were in the Clerk's Office of Henrico County in my possession, where they had been from the date of the trial.

"I further certify at the time they were received by me, bills of exception Nos. 1 and 5 were not attached to the Stenographers transcripts subsequently delivered to me by L. C. Caldwell, of Counsel for the defendant. And that the name of Judge Gunn, the Judge of the Circuit Court of Henrico County, is not signed to either transcript of the testimony so delivered to me by L. C. Caldwell of Counsel for the defendant.

"Subject to the qualification aforesaid, I do certify that the foregoing is a true transcript of the record.

"And I do further certify that the plaintiff's counsel had notice of the defendants intention to apply for the foregoing transcript of record.

"Given under my hand this 6th day of March, 1935.

"Fee for transcript $27.20.    SAMUEL P. WADDILL, Clerk."

It is patent that we have here only skeleton bills of exceptions—the shadow without the substance.

█ Another requirement, equally vital to the validity of the procedure, is that when the bill of exception shall have been signed by the judge it shall be forthwith delivered or transmitted to the clerk of the court in which the case is pending. The clerk's certificate quoted shows that this was not done. This court has repeatedly held that these requirements of the statute are mandatory.

In *Brooks* v. *Epperson*, 164 Va. 37, 178 S. E. 787, 788, this court said:

"The right of appeal is statutory and the statutory procedural prerequisites must be observed. *Richardson* v. *Shank*, 155 Va. 240, 154 S. E. 542."

In the case of *Hot Springs Lumber Co.* v. *Revercomb*, 110 Va. 240, 65 S. E. 557, this court said:

"A skeleton bill containing such expressions as 'here insert the evidence,' without earmarking the evidence to be inserted, is not a compliance with the law."

The above has application to the bills of exceptions by which it was sought to incorporate the instructions in the record.

See the following cases: *Blackwood Coal & Coke Co.* v. *James' Adm'r*, 107 Va. 656, 60 S. E. 90; *Battershall* v. *Roberts*, 107 Va. 269, 58 S. E. 588; *Omohundro* v. *Palmer*, 158 Va. 693, 164 S. E. 541.

The upshot of the matter is that we have a record without the evidence and the instructions, and of course we cannot pass upon the merits of the case.

The writ of error must be dismissed as improvidently awarded.

*Dismissed.*