# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

IRVIN STANLEY OWEN v. NETTIE SMALL OWEN.

January 14, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*Thos. I. Talley,* for the appellant (not counsel in lower court).

*M. Haley Shelton,* for the appellee.

HUDGINS, J., delivered the opinion of the court.

Irvin Stanley Owen sued his wife for a divorce, charging adultery; the wife filed an answer and cross bill making the same charge against her husband; the testimony was taken *ore tenus.* The court held that neither party had proven the allegations in the pleadings, permitted the respondent to amend her cross bill charging desertion by the husband, and on March 28, 1930, entered a decree granting her a divorce *a mensa et thoro* on this ground. The decree contains but one exception, *i. e.,* the objection of the husband to the action of the court denying him a divorce on the ground of adultery, and he, on that ground, signified his intention to appeal. The evidence was not made a part of the record and no question is raised in this court as to the correctness of this ruling.

On September 24, 1930, more than fifteen days after the entering of the above decree and after the full May term of the Law and Equity Court had intervened and the September term begun, the following order was entered:

"The parties by their respective counsel having requested the court to make a part of the record in this cause certain facts occurring during the hearing, but not appearing of record and said parties having entered into a written stipulation reciting such facts, the court, with the consent of said parties, doth order that a certain paper designated 'Agreed Statement of Facts' be and the same is filed and made a part of the record."

The paper referred to in the above order recites that at the conclusion of the introduction of testimony the court ruled that the evidence was not sufficient to support the

charges made by either party in the original pleadings; that the court was of the opinion that the wife had proven desertion by the husband; that the wife was permitted to amend her cross bill, adding desertion as an additional ground for divorce; that the husband objected to the amendment, stating that it charged a new ground for divorce, which should not be permitted at that stage of the trial when both sides had completed the taking of testimony; that the husband moved to be allowed to introduce evidence to disprove the new allegation which motion was denied, and he excepted.

The arguments in the briefs are confined to the questions raised in the statement of facts. During the oral argument, this court asked how the statement of facts became a part of the record. The attorney for the appellant replied that the order of the trial court making it a part of the record was entered within six months from the date of the original decree and that the statute limiting the time in which bills of exception should be filed did not apply to chancery causes. Thereupon the attorney for the appellee stated, in substance, that if the court were of opinion that the sixty day limitation did apply he wished to take advantage of it, and then proceeded with the argument contained in his brief.

█ The question which gives us trouble is, whether a court has power in equity to change or add to the record entered.

█ The decree in question disposed of the whole subject matter then before the court. It granted the wife a divorce from bed and board. It eliminated the marital rights of each consort in the property of the other, whether then owned or afterwards acquired. It ordered the payment of permanent alimony to the wife, fixed the amount of her attorney fees, and ordered this sum paid. The court, after the adjournment of the term, had no further supervisory powers

over the case except to change or modify the payment of permanent alimony to meet the changed conditions of the parties subsequently arising (*Gloth* v. *Gloth*, 154 Va. 511, 153 S. E. 879, 71 A. L. R. 700), or to merge the decree into a divorce *a vinculo* when the proper notice and proof were introduced. Any further action of the court depends upon the happenings in the future for which it may or may not be called on to act, but as for prior proceedings, orders and decrees, the case was closed.

In *Sibbald* v. *U. S.*, 12 Pet. 488, 492, 9 L. Ed. 1167, it is stated:

"A final decree in chancery is as conclusive as a judgment at law. [*Martin* v. *Hunter*], 1 Wheat. 355 [4 L. Ed. 97]; [*Hopkins* v. *Lee*], 6 Wheat. 113, 116 [5 L. Ed. 218]. Both are conclusive on the rights of the parties thereby adjudicated. No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments, for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes ([*Cameron* v. *M'Roberts*], 3 Wheat. 591 [4 L. Ed. 467]; [*Bank of Commonwealth of Kentucky* v. *Wistar*], 3 Pet. 431 [7 L. Ed. 731]); or to reinstate a cause dismissed by mistake ([*The Palmyra*], 12 Wheat. 10 [6 L. Ed. 531]); from which it follows, that no change or modification can be made, which may substantially vary or effect it in any material thing. Bills of review, in cases in equity, and writs of error *coram vobis*, at law, are exceptions which cannot affect the present motion." See also, *Cameron* v. *McRoberts*, 16 U. S. (3 Wheat.) 591, 4 L. Ed. 467; *Whiting* v. *U. S. Bank*, 13 Pet. 6, 10 L. Ed. 33.

It is said in *Battaile* v. *Maryland Hospital for the Insane*, 76 Va. 63, 67: "If the decree was final it must stand, however erroneous it may be. And so of all the decrees, orders, and proceedings ahead of it. Neither appellants nor appellees can, on the present appeal, assail them here."

In *Smith* v. *Powell*, 98 Va. 431, 435, 36 S. E. 522, 524, Judge Keith held: "The decree of April, 1893, having been a final decree, no other decree could regularly have been entered in the cause."

■ Judge Buchanan stated in *Barnes* v. *Commonwealth*, 92 Va. 794, 796, 23 S. E. 784: "The rule at common law is that during the term wherein any *judicial* act is done the record remains in the breast of the judges of the court and in their remembrance, and therefore the roll is alterable during the term as the judges shall direct; but when the term is past, then the record is in the roll, and admits of no alteration, averment, or proof to the contrary. 3 Thos. Coke Lit. 323 as quoted in 1 Rob. Pr. (old ed.) 638; *Bunting* v. *Willis*, 27 Gratt. (68 Va.) at pages 158-9 [21 Am. Rep. 338]; *Winston* v. *Giles*, 27 Gratt. (68 Va.) at page 534; *Cawood's Case*, 2 Va. Cas. 527, 545.

"'* * * It (correction of a final order) is indeed a very delicate power, and might be subject to much abuse, especially in criminal cases, if the extent to which it might be carried was not well defined and properly checked by law. Note to 1 Arch. Cr. Pl. & Pr., page 592 (Pomeroy's 8th ed.).

"At an early day in this State, statutes were enacted for the purpose of compelling the courts to keep their records accurately, and to provide how records in certain cases might be amended."

■ The statute to which the above opinion alludes is now Code section 6333, which authorizes amendments in a certain class of cases and for certain described errors in judgments or decrees to be made after the adjournment of the term. No motion to amend was made under this section, and if it had been it would not have availed the appellant, because there was nothing in the record to show that the trial court committed an error. The extent and limitations of this statute were fully analyzed in a very able opinion written by Judge Riely in the case of *Shipman* v. *Flet-*

*cher*, 91 Va. 473, 22 S. E. 458. A final decree was entered in that case confirming the report of a commissioner. Exceptions were filed to the commissioner's report, but not as to a certain item of some $3,000.00. After the adjournment of the term at which the final decree was entered, the commissioner wrote the judge, at the instigation of one of the parties, through an oversight he had failed to allow this item. The trial judge refused to amend the former decree and this court sustained his action, holding that the above section did not apply.

In *Burch* v. *White*, 3 Rand. (24 Va.) 104, it is held that where the record omits to state that an appeal was allowed from a judgment, the omission cannot be cured at a subsequent term. See *Commonwealth* v. *Winstons*, 5 Rand. (26 Va.) 546; *Moses* v. *Cromwell*, 78 Va. 671; *Powell* v. *Commonwealth*, 11 Gratt. (52 Va.) 822; *Chase* v. *Miller*, 88 Va. 791, 14 S. E. 545; *Price* v. *Commonwealth*, 33 Gratt. (74 Va.), 819, 36 Am. Rep. 797; *W. & N. O. Tel. Co.* v. *Hobson*, 15 Gratt. (56 Va.) 122; *Martz's Exor.* v. *Martz's Heirs*, 25 Gratt. (66 Va.) 361.

Code, section 6337, prohibits litigants from presenting to this court an appeal from a final decree after the lapse of six months from the time it is rendered, but this section has no bearing whatever on what constitutes the record, or the time in which the record must be completed in the trial court. Usually all the proceedings in a chancery cause are in writing and the record is complete on the rendition of the final decree. The orders and decrees usually set forth the different rulings of the court. There is nothing in the "Agreed Statement of Facts" which could not have been incorporated in the decree of March 28th, and doubtless this would have been done had the attorney for the appellant made the request of the trial judge at the proper time. The practice generally adhered to in this State is for the attorney for the successful litigant to prepare the decree

in accordance with the decision of the court and present this decree to the opposing counsel, who, if he approves it, indorses the same; if he objects and the attorneys are unable to agree on the contents of the decree their differences are submitted to the trial judge.

Having failed to raise any objection to the decree at the time of its rendition or before the adjournment of the term, only one other procedure was open to the appellant, *i. e.*, within the sixty day period specified to proceed by a certificate of exception under section 6253. Subsection d of section 6253 provides: "In all cases to preserve of record to all the intents and purposes any exception to any action, ruling, order or judgment of the trial court, or any matter arising in the course of the trial or hearing of a cause, it shall be sufficient that the trial judge, on the application of any party, shall certify the same simply and substantially in accordance with the provisions of this section."

If application had been made to the judge within the prescribed time it would have been his duty to, and he doubtless would, have signed a certificate setting forth the true incidents of the hearing. This court held as early as 1853 that a party desiring to preserve as a part of the record in an equity case certain rulings of the court might do so by bills of exception. See *Evans* v. *Bradshaw*, 10 Gratt. (51 Va.) 207. The respondent in that case moved the court to require the complainant to give security for costs, on the ground that he was a nonresident. On this motion evidence was heard orally and made a part of the record by a bill of exception. On appeal, objection was made to this court considering the evidence on the ground that a bill of exception is appropriate only to proceedings in a court of law. The court overruled this objection, stating, "nor would it seem to be an inconvenient mode of preserving on the record facts involved in a question arising collaterally in a chancery cause, and disposed of by the court."

■ The appellant in the case under consideration had two opportunities to make the ruling of the trial court a part of the record. He did not avail himself of either, but waited until a few days before he would have been barred from seeking an appeal and then obtained the consent of his opponent to amend the record, and, with the consent of the court, filed the "Agreed Statement of Facts." Our first impression was that this estopped him in this court from asserting that the paper was not a part of the record. An inspection of its contents reveals that while the parties call it an "Agreed Statement of Facts" it is nothing but a recital of the objections of the complainant, the rulings of the court on preliminary matters, exceptions thereto, and the reasons he assigns therefor. It is really a bill of exception filed in an equity cause five months and twenty-four days after the rendition of a final decree, and after two terms of court had intervened. A diligent search of the authorities fails to show a case in which any such procedure has been followed. There is no statute authorizing it. Both the decisions of this court and the acts of the legislature have emphasized the importance of keeping true records in every court in the manner prescribed by law and the limitation in which any correction can be made. See *Barnes' Case, supra.*

■ It is well settled by the foregoing authorities, and many others that might be added, that the court has no power to correct or change a record in such a case as this after the adjournment of the term. Does the fact that the parties consented thereto give such authority?

In *Tyson* v. *Glaize*, 23 Gratt. (64 Va.) 799, it was held that a circuit court had no power to make a decree or render a judgment in vacation except such decrees and orders as were authorized by statute, and consent of the parties would not give jurisdiction. That was a chancery cause and an order was entered in term, submitting the case to

the judge in vacation for decision and final decree, with the consent of all parties that it should be decided in vacation and the decree should be entered as of the last day of the term, and this was done. Here was the consent of the parties, the decree of the court in term conferring upon the judge in vacation authority to enter a decree in chancery, and there was the unanimous opinion of the court "that the judges have no jurisdiction to perform any judicial function in vacation, except where the power is expressly conferred, as to grant injunctions and appeals, to hear motions to dissolve injunctions, to direct accounts, and to perform such other functions as are expressly authorized by law. And no power being conferred by statute, when the decree in this cause was entered, to pronounce and enter decrees in vacation, and consent of parties, or their counsel, not giving jurisdiction, the court is of opinion that the order made in the cause, directing the decree to be made and entered in vacation, was erroneous; and that the supposed final decree made and entered in pursuance of such order is not the decree of the court." This decision was made prior to the adoption of Code section 6307.

*Davis* v. *Poland,* 92 Va. 225, 23 S. E. 292, decided in 1895, was reversed, although the bills of exception were signed in vacation. Yet in 1900, in *Va. Dev. Co.* v. *Rich Patch I. Co.,* 98 Va. 700, 37 S. E. 280, 283, the court refused to consider bills of exception, although the attorneys had agreed that the exceptions might be taken to the rulings of the court during the progress of the trial and within sixty days from the rising of the court the bills of exception might be signed, sealed and enrolled, with the same force and effect as if done during the term; they were so signed by the trial judge and an order was made enrolling them; counsel in the case at no time raised any objection to the court considering the bills of exception as a part of the record; yet Judge Keith in delivering the unanimous opinion of the court said:

"Courts must rely upon the intelligent scrutiny by counsel of the records under investigation, to call attention to errors committed, or to any departure or deviation from established modes of procedure. In the case at bar, and in that cited, the court was deprived of this most essential aid to the administration of justice. Counsel were precluded by previous arrangement from making objection to the manner in which the bills of exceptions in the case cited from 92 Va. and 23 S. E. were authenticated, and in that case, it escaped the attention of the court. But apart from all this, the fact that bills of exception have been signed in vacation in one county, or even though it should be made to appear that it had been done in other counties, cannot be deemed to have established a practice that would overcome the plain and positive decisions of this court upon the law. While, therefore, it is a matter of regret that our attention was not sooner directed to the question, our conclusion cannot be influenced by the fact that, in other cases under the circumstances disclosed, we failed to discover a defect which we are constrained to hold in this case is fatal.

"We have been forced to the conclusion that the leave of court to that end, reinforced by consent of parties, cannot confer authority upon the judge in vacation to sign a bill of exceptions and make it a part of the record. Regarding it as a jurisdictional question, we have felt it our duty to examine and decide it, though not presented to us by counsel, and though in contravention of the agreement among them. The course of procedure is established by law, and it is our duty to see that it is observed, until the legislature in its wisdom shall see fit to change that course of procedure by statute. It is not a question of expediency. It is a question of power, and it is with regret that we have reached the conclusion that the bills of exception copied into the record are not properly authenticated, and cannot be considered."

We have quoted at length from the above opinion because it expresses so clearly the opinion of the court on the question under consideration. The court had no power to enter the decree of September 24th; the consent of the parties does not give jurisdiction. No error appearing in the record, the decree is affirmed.

*Affirmed.*