# Richmond

ROSS CUTTER AND SILO COMPANY, INC. v. H. L. RUTHERFORD.

January 14, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*Williams & Mullen* and *Richards & Richards*, for the appellant.

*Burnett Miller* and *C. W. Carter*, for the appellee.

EPES, J., delivered the opinion of the court.

On June 7, 1929, the Circuit Court of Fauquier county, Virginia, in an action of assumpsit, rendered a personal judgment for $8,209.28, with interest and costs, in favor of H. L. Rutherford against Ross Cutter & Silo Company, Inc.

Process in this action was executed by the sheriff of Clarke county "by delivering a true copy of the within process to William H. Brubaker, agent for the Ross Cutter & Silo Company, Inc.," but Ross Cutter & Silo Company, Inc., did not appear in the case.

On August 1, 1929, Ross Cutter & Silo Company, Inc., filed its bill in chancery in the Circuit Court of Fauquier

county against H. L. Rutherford, which prays that Rutherford be enjoined from enforcing this judgment on the ground that the judgment was null and void for lack of due process of law.

The bill alleged that Ross Cutter & Silo Company, Inc., is a foreign corporation, has not qualified to do business in Virginia; that it is not doing and has not done any business in Virginia; and that William H. Brubaker was not an agent of Ross Cutter & Silo Company, Inc., upon whom process against it legally could be served; and that, therefore, the said judgment is null and void.

Rutherford filed an answer, which, in effect, asserts that Ross Cutter & Silo Company, Inc., "was doing business in Virginia within the contemplation of law and that Brubaker was an agent of the corporation upon whom process could be legally served;" and denies that there has been any lack of due process of law.

A preliminary injunction was granted by the court, which was subsequently continued in force "until the further order of the court" pending a final determination of the cause.

On February 3, 1930, the cause was heard upon its merits upon testimony, all which was taken *ore tenus* before the court.

On March 24, 1930, the court entered its decree in this cause denying the injunction and dismissing the bill. From this decree Ross Cutter & Silo Company, Inc., is here appealing.

The assignments of error raise only two points. It is alleged that the court erred (1) in holding that Ross Cutter & Silo Company, Inc., "was doing business in Virginia in such manner as to subject it to the jurisdiction of the courts in Virginia;" and (2) in holding that Brubaker was such an agent of the corporation that service of process upon the corporation could be made by delivery of a copy thereof to him.

Both of these questions rest for their determination upon the evidence introduced before the court; and we are met at the outset by a motion made by the appellee that the appeal be dismissed, because the evidence, upon which the decree appealed from was entered, has not been properly made a part of the record, in that it has not been in any way authenticated or certified by the court. With only the omissions noted below, the transcript certified to this court by the clerk of the trial court reads as follows:

"Virginia:

"In the Circuit Court for Fauquier county.

"Among the records and proceedings of said court are the following:" (Here follow a copy of the bill and exhibits filed therewith, order awarding preliminary injunction, injunction bond, answer and exhibit filed therewith, and decree entered October 12, 1929, extending the preliminary injunction until November 29, 1929.)

"And on the 29th day of November, 1929, the plaintiff introduced A. J. Day on its behalf whose evidence was taken *ore tenus* before the court and reduced to writing in these words:

"*Ross Cutter and Silo Company* v. *H. L. Rutherford*

"Transcript of evidence taken before Honorable J. R. H. Alexander, judge of the Circuit Court of Fauquier county, Virginia, at Warrenton, Virginia, November 29, 1929."

(Here follows what purports to be motions made by the defendant to dissolve and by the complainant to enlarge the preliminary injunction, and the testimony given orally by Andrew G. Dey.)

"And on the 30th day of November, 1929, the following decree was entered:" (Here follows copy of the decree extending the preliminary injunction until January 27, 1930, and setting the cause for hearing on that day.)

"And on the 27th day of January, 1930, the defendant filed two affidavits in these words:" (Here follows the two affidavits.)

"And two decrees were entered thereon, as follows:" (Here follow the copies of two decrees entered January 27, 1930, directing the issuance of subpoena *duces tecum* against Fauquier National Bank and William K. Brubaker.)

"And on the same day another decree was entered in these words:" (Here follows decree extending the injunction to February 3, 1930, and setting cause for hearing upon the merits on that day.)

"And on the first day of February, 1930, the two subpoenas *sub duces tecum* were returned to the court, in the following words:" (Here follows the subpoenas and the returns thereon.)

"And on the third day of February, 1930, the defendant in response to said subpoenas filed in the record certain accounts of his transaction with said plaintiff in the following words and figures:

"And introduced J. R. Grigsby and W. H. Brubaker, and George S. Cable, J. G. L. Kibler and H. L. Rutherford, whose evidence was taken *ore tenus* before the court, and reduced to writing:" (Here follows what purports to be copies of certain contracts, letters, statements and accounts, none of which are mentioned or referred to in the pleadings or prove themselves.)

"*Ross Cutter and Silo Company* v. *H. L. Rutherford*

"Transcript of evidence taken before Honorable J. R. H. Alexander, judge of the Circuit Court of Fauquier county, at Warrenton, Virginia, February 3, 1930." (Here follows list of counsel present.)

"Mr. Richards: If the court please, we wish to file the evidence of Mr. Dey and the exhibits therewith and others as called for in these depositions, the contract with Brubaker at the time process was served on him and a statement of the number of silos which were sold from February 1, 1926, to November 27, 1929, and we wish to note an exception to being required to file a copy of silos sold in Virginia during

that time, and ask that the injunction be perpetuated and that the judgment be declared null and void.

"Captain Grimsley: May it please the court, we desire to offer Mr. W. H. Brubaker as a witness, and ask the privilege of examining him as an adverse witness, as agent of the defendant in this State, and we summoned him, requiring him to bring certain papers. We have not talked with him at all. We want to put him on the stand and see what he has produced." (Here is inserted what purports to be testimony given by William H. Brubaker, J. R. Grigsby, George S. Cable, Jr., J. G. L. Kibler and H. L. Rutherford, including certain questions asked them by the court, and remarks made by the court during their examination.)

"And on the 24th day of March, 1930, the following decree was entered:" (Here follows caption of cause and a decree the material parts of which read:)

"This cause came on this day to be further heard upon the bill of complaint, the answer thereto, and the exhibits and evidence taken *ore tenus* before the court; and upon the motion of the complainant for an enlargement of the injunction heretofore granted in the cause; and the court is of opinion after carefully reading the pleadings and affidavits and hearing the evidence and argument of counsel, that the complainant, Ross Cutter & Silo Company, Inc., was at the time the judgment was obtained against it, in favor of the defendant, for the sum of $8,209.28, with interest thereon from the 7th day of June, 1929, and $16.80 costs, engaged in and doing business in the State of Virginia, and that W. H. Brubaker was at that time an agent of the complainant, and such an agent upon whom process could be served in order to obtain a judgment, it is, therefore, hereby adjudged, ordered and decreed that the motion to enlarge the injunction be and the same is hereby denied and refused, and that the judgment obtained in favor of the defendant, H. L. Rutherford, against the complainant, Ross Cutter & Silo Company, Inc., is a valid judgment, and that the bill of

complaint be and the same is hereby dismissed, and that the defendant, H. L. Rutherford, recover of the complainant, Ross Cutter and Silo Company, Inc., his costs in this behalf expended.

"A Copy-Teste:

"T. E. Bartenstein, Clerk.

"I certify that the foregoing pages contain so much of the record in the chancery suit now pending in the Circuit Court of Fauquier county styled Ross Cutter & Silo Company, plaintiff, v. H. L. Rutherford, defendant, as is requested by the attorney for the plaintiff. I further certify that the notice required by section 6339 of the Code of Virginia, has been given.

"Teste:

"T. E. Bartenstein,

"Clerk Circuit Court Fauquier county."

In a letter dated December 3, 1931, Mr. T. E. Bartenstein, the clerk of Fauquier county, states as follows:

"I have this morning inspected the records in my office filed in the chancery suit of Ross Cutter & Silo Company, Inc., appellant v. H. L. Rutherford, appellee, and I find from an inspection of the papers in this cause that the evidence of Mr. Andrew G. Dey, taken on the 29th of November, 1929, *ore tenus*, before the circuit court was filed and earmarked by me as follows: '1930—March 24th filed.'

"The evidence of William H. Brubaker, J. R. Grigsby, George S. Cable, Jr., J. G. L. Kibler and H. L. Rutherford taken *ore tenus* in the same manner on the 3rd day of February, 1930, was filed and earmarked by me as follows: '1930—March 24th filed.'

"Each earmark on the copies of the evidence is in my handwriting. I therefore certify that the above evidence was filed and marked filed by me in the manner above stated.

"Very truly yours,

"T. E. Bartenstein

"Clerk."

■ This letter can in no sense be deemed to be a part of the record here before us; but is here inserted inasmuch as the facts therein stated might be made available to this court by its having the original papers in the cause certified up to it on a writ of *certiorari*.

There is no certificate signed by the judge which in any way earmarks or identifies the matter contained in what purports to be a transcript of the testimony as containing the testimony introduced *ore tenus* before it; nor is it so identified by any decree entered in the case.

■ Where testimony is introduced *ore tenus* before the court in a chancery cause it is no more a part of the record than the evidence introduced in a common-law cause, unless it is reduced to writing and made a part of the record either by a decree entered in the cause or by a certificate signed by the judge earmarking and identifying it as the testimony introduced before it *ore tenus*. *Blease* v. *Garlington*, 92 U. S. 1, 23 L. Ed. 521; *Bonnell* v. *Lewis*, 3 Ill. App. 283; *Hughs* v. *Washington*, 65 Ill. 247; *Bradley Lbr. Co.* v. *Hamilton*, 109 Ark. 1, 159 S. W. 35; *Harmon* v. *Harmon*, 152 Ark. 129, 237 S. W. 1096; *McGraw* v. *Berry*, 152 Ark. 452, 238 S. W. 618; *Blackburn* v. *Morrison*, 29 Okla. 510, 118 Pac. 402, Ann. Cas. 1913A, 523 and note; *Knecht* v. *Louisville, etc., Co.*, 121 Ky. 492, 89 S. W. 508; *Dupoyster* v. *Ft. Jefferson, etc., Co.*, 121 Ky. 518, 89 S. W. 509; *Shannon* v. *Stratton & Terstegge*, 144 Ky. 26, 137 S. W. 850. See also *Evans* v. *Bradshaw*, 10 Gratt. (51 Va.) 207.

■■ Neither the clerk's act in copying a transcript of the oral testimony into the record, his marking of the transscript filed on the day the final decree was entered, nor his certificate that it was filed as a part of the record is sufficient, without the authenticating certificate of the judge, to make it a part of the record. (See cases above cited.) Nor does the recital of the decree that the cause was heard upon testimony taken *ore tenus* so identify and authenticate a

transcript thereof found in the papers in the cause as a part of the record as to make such transcript a part of the record.

■ A transcript of testimony heard *ore tenus* by the court is a very different thing from a deposition duly taken before an officer authorized to take depositions found in the papers in the cause marked filed by the clerk, or depositions filed with and made a part of the report of a commissioner in chancery in a cause. In such cases the certificate of the officer before whom the depositions were taken authenticates the matter contained therein; and the certificate of the clerk showing the filing thereof is sufficient to make them a part of the record. But where a transcript of testimony heard *ore tenus* is found in the papers in the cause, even if it be marked filed by the clerk, there is no official authentication of the matter contained therein; and the judge alone is competent to make such authentication.

The judge has not at any time earmarked, authenticated or certified any part of the testimony or evidence introduced *ore tenus* before him on the hearings of this cause. It is, therefore, not necessary to a decision of this appeal to inquire *when* the judge may authenticate or certify such evidence, or the transcript of such testimony. But in view of the importance of the matter the court deems it proper to express its views on the subject.

■■ A court of chancery in the absence of some statutory provision has no more power to add to the record in a cause after it has lost jurisdiction of the cause than has a court of law in the absence of statute. Therefore, in the absence of some statutory provision, evidence heard *ore tenus* by the court in a chancery cause must be reduced to writing and authenticated or certified by the court during the term at which the cause is heard and a final decree thereon entered. (See cases above cited.)

■ But we are further of the opinion, from its language and history, that section 6253, Code Va. 1919, as amended

(Acts 1924, chapter 67, page 61) is applicable not only to common-law causes, but also to chancery causes when oral testimony is taken before the court; and that a certificate authenticating a transcript of the testimony heard *ore tenus* before the court in a chancery cause may, by virtue of section 6253, be signed by the judge any time before final decree is entered thereon or within sixty days from the time at which such decree is entered. (See Acts 1916, chapter 406, page 708, including title of the act; Code 1919, section 6253; amended by Acts 1924, chapter 67, page 61. See also in this connection section 6331, Code 1919.)

Attention is here called, without expressing any opinion as to the effect thereof, to a difference in the provisions of section 6252 as amended by Acts 1930, page 633, which relates to bills of exception "in the trial of a case at law," and in section 6253, as amended, relating to certificates by the court in lieu of bills of exception. Section 6252 requires a bill of exception to be presented to the judge within sixty days from the time at which such judgment is entered."

■ The motion to dismiss the appeal is in effect a motion to strike from the transcript of the record what purports to be a transcript of the testimony introduced *ore tenus* before the judge, because it has not properly been preserved and made a part of the record.

From what has been said it is plain that this motion must be sustained, and what purports to be a transcript of the oral testimony stricken from the record.

■ The court certifies that the testimony was heard *ore tenus*, and it is patent that this was done by consent of the parties. When what purports to be a transcript of the testimony taken and heard *ore tenus* is stricken out, the record clearly fails to contain all of the evidence upon which the decree shows that the court based its findings which are assigned as error. In a case such as this, where the correctness of the decree depends wholly upon the evidence before

the court, in the absence of all the evidence, the decree appealed from must be affirmed.

The certificate of the clerk is that the transcript of the record certified up to this court contains only "so much of the record  *  *  *  as is requested by the attorney for the plaintiff;" and nowhere is it certified that the transcript contains all the evidence introduced before the court. This negatives any presumption or conclusion that the transcript contains all the record or all the evidence in the record. This in itself presents a serious question, which would have to be determined except for the conclusion above reached. But as this point has not been raised by any motion made in this court or more than casually mentioned in the briefs filed, we refrain from a discussion of it here.

The appeal will be dismissed, as having been improvidently awarded, which has the effect of affirming the judgment of the trial court.

*Dismissed.*