# Richmond

ALICE C. NETHERS V. J. W. NETHERS.

March 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and
Chinn, JJ.

The opinion states the case.

*John S. Chapman* and *S. M. Nottingham,* for the appellant.

*Burnett Miller* and *C. T. Bowers,* for the appellee.

HUDGINS, J., delivered the opinion of the court.

Complainant filed her bill seeking divorce on the ground of cruelty. Her husband filed an answer and cross-bill seeking divorce on the ground of desertion. The court denied the prayers of both and dismissed the cause. From that decree this appeal was allowed.

Respondent, before argument in this court, filed a motion to dismiss the appeal on the ground, among others, that the evidence, which was taken *ore tenus,* was not authenticated and made a part of the record within the time required by law.

By a previous order of the trial court and by consent of counsel, the case was heard in vacation and final decree dismissing the cause rendered on May 23, 1931.

More than four months thereafter, *i. e.,* October 1, 1931, complainant made application for, and the trial judge signed, the certificate of evidence. The question thus squarely presented is whether the certificate of evidence so authenticated becomes a part of the record.

In *Ross Cutter & Silo Co.* v. *Rutherford,* 157 Va. 674, 161 S. E. 898, it was held that testimony introduced *ore tenus* before a chancery court is no more a part of the record than is evidence introduced in a common-law case, unless it is reduced to writing and made a part of the record, either by decree duly entered or by certificate signed by the judge earmarking and identifying it. It was stated in

that case, and held in *Owen* v. *Owen* 157 Va. 580, 162 S. E. 46, that a court of chancery, in the absence of statute, has no more power to add to the record after it has lost jurisdiction of a cause than has a court of law.

The complainant admits the force and effect of these decisions, but contends that they have no bearing on this case because the evidence was taken under the provisions of Code, section 5109, which reads thus:

"In any suit for divorce the trial court may require the whole or any part of the testimony to be given orally in open court, and if either party desires it, *such testimony and the rulings of the court on the exceptions thereto, if any, shall be reduced to writing, and the judge shall certify that such evidence was given before him and such rulings made.* When so certified the same shall stand on the same footing as a deposition regularly taken in the cause." (Italics supplied.)

That part of the section emphasized reveals that it was clearly the intention of the legislature, when testimony is heard *ore tenus,* to make the procedure conform to the procedure in common-law actions. In *Owen* v. *Owen, supra,* the exceptions were to the action of the court in refusing to hear further testimony in a suit for divorce, and it was held that because the rulings of the court and the exceptions thereto were not made a part of the record by a decree entered at the time, or by a bill or certificate of exception duly authenticated within sixty days after date of the final decree, such rulings and exceptions were never made a part of the record and could not be considered by this court.

Prior to 1914, all testimony and other evidence heard in a chancery cause was required to be in writing, usually taken in the form of depositions. By reference to the Acts of 1914, page 154, chapter 90, from which this section is taken, it appears that as originally adopted the act contemplated that testimony, when heard *ore tenus* by the trial court, and any exceptions thereto, should be reduced to writing and filed as a part of the record, and "that the cause

on appeal should be heard as other chancery causes * * *."
The Code revisors so changed the wording of the statute
as to make it optional with the parties whether or not the
testimony heard *ore tenus* should be reduced to writing.
See *Barnard* v. *Barnard*, 132 Va. 155, 111 S. E. 227.

■ The contention is that inasmuch as no time is pre-
scribed in which the exceptions mentioned and the oral tes-
timony shall be reduced to writing and certified, the same
may be done "at any time within the appealable period, and
if and when so certified it becomes a deposition regularly
taken in the cause."

■ The fallacy of this contention is that the time pre-
scribed for completing the record and the time prescribed
for an appeal are two entirely separate and distinct mat-
ters. Code, section 6336, prescribes who may present to
this court petitions for appeals and writs of error. Code,
section 6337, limits the time in which such petition shall
be presented. These and other sections regulating appeals
and applications for writs of error do not purport to deal
with the time or the manner in which the record shall be
completed in the trial court.

After final decree or judgment has been rendered and the
trial court has lost jurisdiction of the case, the completion
of the record, for any purpose, is regulated by Code, sec-
tions 6252, 6253.

The complainant in her reply brief contends that, "The
*dictum* in these cases (*Ross Cutter Co.* v. *Rutherford* and
*Owen* v. *Owen*) was the first intimation of the court and the
first notice to the Bar of Virginia that it was necessary in
chancery causes where the evidence was taken *ore tenus*
to have the judge identify and authenticate such testimony
as in common-law cases under sections 6252 and 6253 of
the Code."

In deciding the questions presented in those cases, the
court made no departure from established principles. On
the contrary, numerous decisions from this and other courts
were cited showing their general application and the reasons

upon which they were based. Even if these decisions were not controlling, there is nothing in section 5109 in conflict with the following provisions in section 6253.

"(d) In *all cases* to preserve of record * * * any matter arising in the * * * *hearing of a cause*, it shall be sufficient that the trial judge * * * shall certify the same simply and substantially in accordance with the provisions of this section." (Italics supplied.)

Paragraph (e) of this section, in part, reads thus:

"The appellate court in reviewing * * * *upon an appeal from a final decree,* * * * *any question arising* upon the record * * * *shall in every instance,* * * * consider any exception, *the evidence introduced on the* * * * *hearing of the cause,* * * * preserved of record in such cause by the *certificate of the trial judge* as provided by this section; * * *"

At the time that this statute was adopted there was no provision for a chancery court to hear a cause on testimony taken *ore tenus* before it, except in those cases embraced within the terms of section 5109. When the two statutes are read together, as they must be, the irresistible conclusion is that evidence taken *ore tenus* and exceptions thereto, if not made a part of the record within the time prescribed by section 6253, can never become a part of the record to be considered by this court.

Rule XXIV does not in express terms include chancery causes, but it does not exclude them. It simply eliminates the necessity for formal bills of exception in the instances named and classified under (a), (b) and (c), in which cases the papers themselves reveal their contents, and the order of the court, or its notation thereon, indicates the ruling made. This rule in no way conflicts with section 6252, but the time specified in it and in section 6252 is different from that specified in section 6253.

Prior to 1930 the rule and the two sections required both bills and certificates of exception to be signed by the trial judge within sixty days from the date of final judgment. The General Assembly of 1930, on recommendation

of the Judicial Council, amended Code, section 6252, requiring bills of exception to be presented to the trial judge within sixty days from date of final judgment and gave him ten days more in which to affix his signature. For some reason, perhaps an oversight, no change was made in section 6253. The court, in June, 1930, amended Rule XXIV to conform to the change in Code, section 6252, but the amendment to the rule seems to apply to both bills of exception and certificates of exception. This difference in the time specified in the rule and in Code, section 6253 is of no importance in this case, as the complainant did not obtain authentication of the evidence within the time specified by either.

For the reasons stated, the decree is affirmed.

*Affirmed.*