# Richmond

F. T. CLÀUD V. JUNIUS W. PULLEY AND OTHERS.

January 13, 1938.

Present, Campbell, C. J., and Holt, Gregory, Browning,
Eggleston and Spratley, JJ.

The opinion states the case.

*Guy T. Horner, John C. Davis* and *Raymond B. Bridgers,* for the appellant.

*James G. Martin & Son* and *J. M. Britt,* for the appellees.

BROWNING, J., delivered the opinion of the court.

At the threshold of this case we are met with a motion to dismiss it from the docket because a large part of the evidence was taken *ore tenus* in open court before the judge, in chancery, and there is nothing in the form of a certificate or bill of exceptions, signed by him, identifying the evidence or making it a part of the record. That this must be done is made mandatory by section 6252 of the

Code, as amended by Acts 1930, ch. 246, and section 6253 of the Code as amended by Acts 1934, ch. 90, and Rule XXIV of this court.

The following cases are controlling as to this point: *Nethers* v. *Nethers*, 160 Va. 335, 168 S. E. 428; *Ross Cutter and Silo Co.* v. *Rutherford*, 157 Va. 674, 685, 161 S. E. 898; *Lawrence & Son, Inc.* v. *Merkel*, 167 Va. 297, 189 S. E. 162.

■ In the case of *Nethers* v. *Nethers, supra*, it was said: "In *Ross Cutter and Silo Co.* v. *Rutherford*, 157 Va. 674, 161 S. E. 898, it was held that testimony introduced *ore tenus* before a chancery court is no more a part of the record than is evidence introduced in a common law case, unless it is reduced to writing and made a part of the record, either by decree duly entered or by certificate signed by the judge earmarking and identifying it."

■ The defendant, in answer to the motion to dismiss the appeal, cites to this court the decree from which the appeal was allowed. The formal part of the decree brings on the case with the usual recital of the various steps taken, which includes the depositions of witnesses taken on behalf of the complainant and respondents, "this day filed."

We do not think that this supplies the absent requirement referred to.

■ The provisions of section 6345 of the Code are evoked by the defendant to the end that this court may require the record in the lower court to be here produced for the purpose of showing that the testimony in this case was marked, "Filed, J. L. M., March 24, 1936."

The effect of this would be adding to the record, by this court, in derogation of the statutes above referred to and the rule of this court, cited, and the decisions pointed out, upon an *ex parte* assertion that the alleged omitted matter exists.

This we cannot do and we have no volition in the matter.

The appeal must be dismissed as having been improvidently awarded.

*Dismissed.*