# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

## JAMES SHEPPARD POTTS V. NORMAN L. FLIPPEN, ADM'R, AND OTHERS.

June 8, 1938.*

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*Rehearing refused September 9, 1938.

The opinion states the case.

*Thomas H. Stone,* for the appellant.

*Edmund M. Preston, Louis S. Herrink, Henry C. Riely, Leake & Buford, Littleton Wickham, King & Marks* and *Page & Leary*, for the appellees.

HUDGINS, J., delivered the opinion of the court.

The pertinent parts of the decree attacked in this appeal read as follows:

"Upon consideration whereof, the order of April 9, 1937, filing the complainant's amended and supplemental bill having been entered by reason of the said bill being presented as a compliance with the order entered herein on April 5, 1937, requiring a bill of particulars, and it appearing to the Court that the said amended and supplemental bill is not a proper bill of particulars but, on the contrary, is in fact an amended and supplemental bill which seeks to introduce into this cause numerous new issues and is multifarious; and it further appearing to the Court from evidence taken *ore tenus* that said amended and supplemental bill was proffered for the purpose of delaying the trial of this cause set down for hearing on April 15, 1937, and of impeding and embarrassing the administration of the estate herein involved, it is ADJUDGED, ORDERED AND DECREED that the order entered herein on April 9, 1937, be, and the same hereby is, vacated and annulled, and that the said amended and supplemental bill be, and the same hereby is, rejected.

"And it appearing to the Court that the aforesaid order of April 5, 1937, requiring a bill of particulars to be filed was entered herein after due notice to the complainant and without objection by him and that the complainant on April 9, 1937, purporting to comply with the terms of said order, presented an amended and supplemental bill as aforesaid which was ordered filed subject to a hearing on the motion of said respondents for the dismissal of the cause as above stated; that it further appearing to the Court that the complainant has had due notice of the respondents' motion to dismiss the cause and that the proffered amended and supplemental bill does not comply with the order entered herein

on April 5, 1937, and that the complainant elects to stand on his amended and supplemental bill as a sufficient compliance with the terms of said order of April 5, 1937, and refuses to file any further statement of the particulars of his claim, as was required by said order of April 5, 1937, and that said amended and supplemental bill was proffered for the purpose of delaying the trial of this cause and of impeding and embarrassing the administration of the estate herein involved, it is ADJUDGED, ORDERED AND DECREED that this cause be, and the same hereby is, dismissed at the complainant's cost for want of prosecution of this suit and for the failure of the complainant to comply with the order of the Court entered herein."

Respondents moved to dismiss the appeal on the ground that it appears on the face of the decree that the trial court based its decision to dismiss the case on the pleadings and evidence taken *ore tenus,* and the evidence introduced was not preserved and made a part of the record. In support of this contention, respondents cite *Ross Cutter & Silo Co.* v. *Rutherford,* 157 Va. 674, 161 S. E. 898; *Nethers* v. *Nethers,* 160 Va. 335, 168 S. E. 428.

The principle involved is that a judgment or decree of a trial court is presumed to be correct, and when this judgment or decree is based upon evidence that is not made a part of the record the findings of fact are conclusive on this court. Hence, when it appears that the evidence on which the decision of the trial court is based has not been made a part of the record, it is useless for this court to give further consideration to the question. The result is the same whether the judgment or decree of the trial court is affirmed as was done in *Turner* v. *Holloway,* 146 Va. 827, 132 S. E. 685, and *Nethers* v. *Nethers, supra;* or whether the appeal or writ of error is dismissed as was done in *Ross Cutter & Silo Co.* v. *Rutherford, supra; Lawrence & Son* v. *Merkel,* 167 Va. 297, 189 S. E. 162; *Ingle* v. *Commonwealth,* 167 Va. 459, 187 S. E. 431; *Claud* v. *Pulley,* 169 Va. 467, 194 S. E. 670.

The substance of complainant's contentions, embraced in fifteen assignments of error, is that the pleadings and orders of court, which constitute the record in this case, show on their face that the trial court committed error in dismissing his suit.

The original bill, which was filed first February Rules, 1936, shows that its object was to impeach the will of A. E. Sheppard that had been probated before the clerk on January 23, 1935. While respondents named in the bill filed, in due course, demurrers and answers thereto, complainant took no steps to secure a hearing on the merits for more than a year and then only after the court had sustained a motion made by respondents to speed the cause.

April 15, 1937, was fixed for the hearing. The order fixing this date provided "that the complainant make the proper substitution of parties within ten days from the entry of this order (March 9th) or else show cause to the Court why the cause should not be dismissed from the docket." Complainant raised no objection to the entry of an unusual order in a chancery case requiring him to file a bill of particulars. Instead of objecting to the entry of the order or complying with its terms, he, on the last day set for him to file the bill of particulars, represented to the court that it was necessary to file an amended and supplemental bill. Leave was given him to do this, and the case was remanded to rules to be matured on the amended and supplemental bill, subject, however, as appears from a subsequent order, to a hearing on a motion of respondents to dismiss the case. The court at this hearing permitted the introduction of evidence which was not preserved and made a part of the record and entered the final decree dismissing the case.

Complainant's position seems to be that, regardless of any evidence considered by the trial court, his pleadings show that he has been denied a hearing on substantial claims set forth in the pleadings.

The object of the original bill was to test the validity of the will of A. E. Sheppard. The amended and supplemental

bill is long, involved and multifarious. It contains: (1) a copy of the original bill praying for an issue *devisavit vel non;* (2) the new matters alleged are:

(a) That A. E. Sheppard, at various times beginning on April 11, 1881, had qualified as the personal representative on four separate and distinct estates.

(b) That he had failed to settle his fiduciary accounts on any of the estates named.

(c) That all property, of which A. E. Sheppard died seized and possessed, belonged to one or the other of these estates without any specific allegation as to the kind, quantity or value of property owned by the separate estates then alleged to be in possession of the personal representative of A. E. Sheppard.

(d) That among the five estates involved, complainant owned an interest in real estate which was divisible in kind.

(e) That there were creditors of A. E. Sheppard who should be convened.

(f) That A. B. Guigon, Jr., who had qualified as one of the executors of A. E. Sheppard, had died since the suit was instituted.

The prayer of this unusual pleading in a suit to impeach a will is as follows:

"(4) That the estate (if any) of the said A. E. Sheppard, deceased, both personal and real, may be administered by the Court in this cause, and proper distribution and division thereof be made among the heirs and distributees at law of the said decedent, if he died intestate, and if not, among his devisees and distributees according to their respective rights and interests.

"(5) That the Administrators of the decedent may be required to settle, before this Court in the usual manner, their accounts as such Administrators.

"(6) That it be ascertained and determined by proper inquiry what property, real or personal, belonging to other estates or other persons, the said A. E. Sheppard and A. B. Guigon, Jr., had in their possession at the time of their

deaths, in a fiduciary capacity, who these estates and persons are, of what the property consists, and who is entitled to it;

"7. That J. K. Rader, Administrator d. b. n. c. t. a. of the Estate of A. E. Sheppard, deceased, and Norman L. Flippen, Administrator c. t. a. of the Estate of A. B. Guigon, Jr., deceased, be enjoined and restrained from selling or in any way disposing of any of the real estate and/or personal property found in possession of their aforesaid decedents, until it can be established what debts were due the Estate of A. E. Sheppard, deceased, by said A. B. Guigon, Jr., just what property was held by said decedents in a fiduciary capacity, the debts and obligations due by said decedents to your Complainant and others and what property specifically belongs to your Complainant; and that all obligations due your Complainant and his proportionate share of aforesaid estates be satisfied as far as possible by awarding to your Complainant his proper proportion of the specific Family property involved in this Cause; and that said property be held intact (in kind) for this purpose.

"8. That, after paying aforesaid obligations to your Complainant and others, if any estate be found remaining to said A. E. Sheppard, deceased, an issue out of Chancery then be directed to ascertain and determine whether the said A. E. Sheppard died testate or intestate (but if no estate is found remaining after payment of aforesaid obligations, then the matter of testacy or intestacy will be immaterial).

"9. That your Complainant be allowed reasonable and proper fees for his attorneys for instituting and prosecuting this suit and that all his costs of Court and other expenses in this Cause be paid from the revenues and assets of the estates herein concerned.

"10. That your Complainant be granted such other, further and general relief as the nature of his case may require and which may be meet and proper to Equity and Good Conscience.

"And your Complainant ever will pray * * * etc."

█ Without further comment on this multifarious pleading, we deem it sufficient to say that for more than one hundred years it has been settled law in this State, that when a bill is filed under provisions of Code, section 5259, the jurisdiction of the court is limited to try the single issue, *devisavit vel non*, and when that issue has been duly determined, the jurisdiction of the court in such suit is ended.

█ In *Coalter's Ex'r* v. *Bryan*, 1 Gratt. (42 Va.) 18, this is said: "The jurisdiction of a court of probat differs from that of other civil tribunals in this, that its province is not to ascertain and enforce the rights of property, but to establish, preserve and perpetuate some important muniment of title. * * *

"The most that can be said in behalf of the ulterior relief sought by the plaintiffs is, that the court of chancery having obtained jurisdiction of the subject, for the purpose of deciding upon the validity of the instrument, it ought to go on to administer complete justice between the parties, instead of turning them round to another action, whether in the same or a different forum. But this is founded upon the supposition, that the court of chancery has obtained jurisdiction of the subject as a court of equity. Such, however, is not the fact: its jurisdiction is merely that of a court of probat; and to be exercised not by the court, but by a jury under its supervision; and for the decision of a common law issue affecting the legal rights of the parties."

█ Judge Lewis, in *Hartman* v. *Strickler*, 82 Va. 225, 233, said: " * * *, in ordering an issue *devisavit vel non*, the chancellor does not exercise any of the ordinary powers of a chancery court, but acts in obedience to the express mandate of the statute; the object of the issue being to ascertain, by means of a jury trial, whether or not the will admitted to probate is, in whole or in part, the will of the decedent. When that question is decided the function of the suit is exhausted, and the verdict is binding upon the court, unless for good cause shown it is set aside, either at the trial or afterwards, on a bill of review. *Malone's*

*Adm'r* v. *Hobbs,* 1 Rob. (40 Va.) 346 (39 Am. Dec. 263) ; *Coalter's Ex'r* v. *Bryan and Wife,* 1 Gratt. (42 Va.) 18; *Lamberts* v. *Cooper's Ex'r,* 29 Gratt. (70 Va.) 61; *Connolly* v. *Connolly,* 32 Gratt. (73 Va.) 657."

Judge Keith, in *Tyson* v. *Scott,* 116 Va. 243, 250, 81 S. E. 57, reiterated the same principle in the following language (page 60) :

" * * * the whole subject of the probate of wills rests upon and is regulated by statute law, and that the courts in admitting a will to probate are confined to the simple question, whether the paper admitted to probate was the true last will and testament of the deceased, and cannot be extended further, for the jurisdiction of a court to probate is not to ascertain and enforce rights of property, but to establish, preserve and perpetuate an important muniment of title. *Coalter's Ex'r* v. *Bryan,* 1 Gratt. (42 Va.) 18; *Kirby* v. *Kirby,* 84 Va. 627, 628, 5 S. E. 539; *Lamberts* v. *Cooper's Ex'r,* 29 Gratt. (70 Va.) 61." See *Rickard* v. *Rickard,* 134 Va. 485, 115 S. E. 369; *Culpeper National Bank* v. *Morris,* 168 Va. 379, 191 S. E. 764.

▇ The pertinent allegations in the original bill are confined to the single issue involving the validity of the will of A. E. Sheppard. The allegations of the amended and supplemental bill are not germane to that issue, but seek to have the trial court, on very vague and general allegations, postpone the trial of that issue until complainant could ascertain whether or not the testator owned any property which may or may not pass by the will. When the trial court very properly rejected the so-called amended and supplemental bill, complainant elected to rely thereon without further pleading or proceeding, so far as appears in the record.

▇ These pleadings, the time of their filing and the long delay in the prosecution of the suit, are not sufficient in themselves to establish the conclusion reached by the trial judge. The trial judge found as a fact that the delay in the prosecution of the suit and the filing of the amended and supplemental bill were for the purpose of "impeding

and embarrassing the administration of the estate herein involved." The evidence on which this conclusion was reached is not now before this court. In the absence of such evidence we can not determine whether or not the trial court abused its judicial discretion in dismissing the case. This is simply the application of the principle stated in the cases cited in support of respondents' motion to dismiss.

For the reasons stated, the decree of the trial court is affirmed.

*Affirmed.*