# 𝔎𝔦𝔠𝔥𝔪𝔬𝔫𝔡

NELLIE DAVIS JONES V. JAMES POPE JONES.

November 21, 1938.*

Record No. 1968.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

*Rehearing refused January 9, 1939.

The opinion states the case.

*Gordon B. Ambler,* for the appellant.

*John W. Fussell* and *Robert Lewis Young,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

This is a suit for divorce brought by James Pope Jones against Nellie Davis Jones. The bill of complaint alleges that the wife's continued refusal to consummate the marriage throughout the ten years of its duration, coupled with

other conduct towards her husband, amounted to cruelty and constructive desertion which entitled him to a divorce.

The decree appealed from awarded the complainant an absolute divorce, reciting that it was based upon "depositions taken before a commissioner in chancery * * * , and upon testimony given orally in open court."

No steps were taken either by a bill or certificate of exception, or by a certificate under Rule XXIV of this court, to preserve and incorporate in the record the evidence taken *ore tenus*. Not having before us all of the evidence on which the conclusions of the trial court were based, we are not in a position to pass upon the principal assignment of error that the evidence is insufficient to support the decree. Presumptively the decree is correct and therefore the lower court's findings of fact must stand. *Potts* v. *Flippen,* 171 Va. 52, 197 S. E. 422; *Claud* v. *Pulley,* 169 Va. 467, 194 S. E. 670; *Nethers* v. *Nethers,* 160 Va. 335, 168 S. E. 428; *Ross Cutter & Silo Co.* v. *Rutherford,* 157 Va. 674, 161 S. E. 898; *Turner* v. *Holloway,* 146 Va. 827, 132 S. E. 685; *Patterson* v. *Commonwealth,* 139 Va. 589, 123 S. E. 657.

There is appended to the record a certificate signed by the trial judge more than five months after the date of the entry of the final decree giving his "recollection" of the substance of the oral testimony heard by him. It is argued that this certificate shows that the evidence taken by depositions and heard in open court is insufficient to support the findings of the trial court.

It is well settled that such a certificate is not a part of the record and can not be considered by us. After the adjournment of the term at which a final decree has been entered the record is closed and the trial court has no jurisdiction or power to amend or add to the record except by a bill or certificate of exception under Code, section 6252, as amended by Acts 1930, chapter 246, and section 6253, as amended by Acts 1934, chapter 90, or by a certificate under Rule XXIV of this court. *Nethers* v. *Nethers, supra* (160 Va., at page 339, 168 S. E. 428) ; *Owen* v. *Owen,* 157 Va.

580, 585, 162 S. E. 46; *Ross Cutter & Silo Co.* v. *Rutherford, supra* (157 Va., at page 683, 161 S. E. 898) ; Burks' Pleading & Practice (3d Ed.), section 284, p. 492.

In *Owen* v. *Owen, supra,* this court held that after the expiration of the time for filing a bill or certificate of exception the trial court had no power to put into the record an agreed statement of facts, even by consent of the parties.

In the instant case to hold that the certificate, signed by the trial judge more than five months after the adjournment of the term at which the final decree was entered, became a part of the record would simply nullify the express provisions of the above statutes requiring bills and certificates of exception to be signed and filed within the time therein prescribed.

The next assignment of error is that admitting every allegation of the bill of complaint to be true, it is insufficient to entitle the complainant to a divorce on the grounds of cruelty and constructive desertion.

There was no demurrer filed to the bill of complaint and, so far as the record discloses, the insufficiency of the allegations was not raised in the court below. But aside from this we are of opinion that the bill of complaint is sufficient to sustain a decree for divorce on the ground of constructive desertion under the principles laid down in *Chandler* v. *Chandler,* 132 Va. 418, 112 S. E. 856.

The bill contains the necessary statutory jurisdictional averments. And while it is inartificially drawn and should have been more specific as to the alleged acts of misconduct of the wife, the neglect of her marital duties, and the dates of such occurrences, such lack of particularity could and doubtless would have been cured by amendment if the attention of the trial court had been directed thereto. Rule XXII of this court is designed to effect this.

The decree appealed from is

*Affirmed.*