# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## C. L. Carper and W. L. Carper v. Scott Nesbit, Trustee, et als.

June 22, 1944.

Record No. 2800.

Present, All the Justices.

The opinion states the case.

C. S. *Minter*, for the appellants.

C. C. *Collins* and *Hale Collins*, for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

Upon the call of this case for argument, appellee filed a motion to dismiss this appeal on the ground that it was improvidently awarded. The basis for the motion is that the cause was heard by the chancellor upon evidence taken *ore tenus*, and that said evidence was not made a part of the record by proper certification of the court, as required by law.

In the brief of appellant we find this *concessum*:

"Certain evidence was taken in the cause *ore tenus* before the Court and it was intended to be incorporated into the record, but by oversight of the stenographer making up the record, this evidence was, unfortunately, not transcribed in time to make a part of the record by bill of exceptions or otherwise. *Fortunately, however, the sharpest contention between the parties is incorporated in the pleadings and exhibits filed therewith, and stands out as a matter of law.*"

In *Ross Cutter, etc., Co.* v. *Rutherford*, 157 Va. 674, 161 S. E. 898, Mr. Justice Epes, dealing with an identical contention, stated the applicable rule thus:

"There is no certificate signed by the judge which in any way earmarks or identifies the matter contained in what purports to be a transcript of the testimony as containing the testimony introduced *ore tenus* before it; nor is it so identified by any decree entered in the case.

"Where testimony is introduced *ore tenus* before the court in a chancery cause it is no more a part of the record than the evidence introduced in a common-law cause, unless it is reduced to writing and made a part of the record either by a decree entered in the cause or by a certificate signed by the judge earmarking and identifying it as the testimony introduced before it *ore tenus*." See authorities cited.

In *Nethers v. Nethers*, 160 Va. 335, 337, 168 S. E. 428, in an opinion by Mr. Justice Hudgins, the above rule was reaffirmed in this language:

"In *Ross Cutter & Silo Co. v. Rutherford*, 157 Va. 674, 161 S. E. 898, it was held that testimony introduced *ore tenus* before a chancery court is no more a part of the record than is evidence introduced in a common-law case, unless it is reduced to writing and made a part of the record, either by decree duly entered or by certificate signed by the judge earmarking and identifying it. It was stated in that case, and held in *Owen v. Owen*, 157 Va. 580, 162 S. E. 46, that a court of chancery, in the absence of statute, has no more power to add to the record after it has lost jurisdiction of a cause than has a court of law."

To the same effect is the opinion of Mr. Justice Browning in *Claud v. Pulley*, 169 Va. 467, 194 S. E. 670.

In *Jones v. Jones*, 172 Va. 14, 199 S. E. 510, Mr. Justice Eggleston said:

"No steps were taken either by a bill or certificate of exception, or by a certificate under Rule XXIV of this court, to preserve and incorporate in the record the evidence taken *ore tenus*. Not having before us all of the evidence on which the conclusions of the trial court were based, we are not in a position to pass upon the principal assignment of error that the evidence is insufficient to support the decree. Presumptively the decree is correct and therefore the lower court's findings of fact must stand." See authorities cited.

In sustaining the motion to dismiss, we do so without regret, for the reason that an examination of the bill of complaint reveals that the contention of appellant is without merit.

The appeal will be dismissed.

*Dismissed.*