# Richmond

HORTENSE RANDOLPH v. A. B. AND W. TRANSIT CO., ET AL.

January 15, 1945.

Record No. 2862.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*James H. Raby* and *Edwin C. Brown,* for the plaintiff in error.

*Gardner L. Boothe,* for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

Hortense Randolph instituted this action for malicious prosecution against the A. B. & W. Transit Company, et al. The jury returned a verdict for defendant on which the trial court entered judgment. From that judgment plaintiff obtained this writ of error.

The only assignment of 'error is to the refusal of the trial court to set aside the verdict on the ground that it was contrary to the evidence or without evidence to support it.

██ ██ This assignment necessarily requires an examination of the evidence. Unfortunately for plaintiff, she did not take the steps required by either section 6252 or section 6253 of Code of 1942 (Michie) to make the transcript of the evidence a part of the record. Such transcript is no part of the record until it has been so certified by the trial judge. This matter was called to the attention of the attorney for plaintiff when he first presented the case to this court. After this was done, he returned to the trial court and had an order signed by the trial judge entered, which simply directed the clerk "to copy as and for the record of the appeal by the said Hortense Randolph, the whole of the record as specified in her said notice of appeal." But, as the testimony was never properly identified, it never became a part of the record.

We held, in *Owen v. Owen,* 157 Va. 580, 590, 162 S. E. 46, that an agreed statement of facts, filed in the papers with the consent of the trial court but not properly authenticated, does not make such agreed statement of facts a part of the record. In that case, we quoted with approval from *Virginia Dev. Co. v. Rich Patch I. Co.,* 98 Va. 700, 37 S. E. 280, 283, as follows: "The course of procedure is established by law, and it is our duty to see that it is observed, until the legislature in its wisdom shall see fit to change that course of procedure by statute. It is not a question of expediency. It is a question of power, and it is with regret that we have reached the conclu-

sion that the bills of exception copied into the record are not properly authenticated, and cannot be, considered."

The properly authenticated record in this case consists of the declaration, the plea of defendants and the orders of the court. On this authenticated record, the judgment of the trial court is affirmed.

*Affirmed.*