## CIRCUIT COURT OF NELSON COUNTY

Margaret D. Robertson

v.

William E. Robertson et al.

Case No. (Chancery) 3159

BY JUDGE J. MICHAEL GAMBLE

March 22, 1993

The Court grants the Demurrer to Count II of the Bill of Complaint.

Count II consists of a direct challenge to the will of Charles R. Dudley, dated August 27, 1991, and probated in the Clerk's Office of the Circuit Court of Nelson County on November 20, 1991. Virginia only provides two methods of challenging the validity of a will. The first is an appeal from the probate order under § 64.1-78 of the Code of Virginia, and the second is a Bill of Complaint to impeach the will, *devisavit vel non*, under § 64.1-88 of the Code of Virginia (1950), as amended.

Count II in the instant case does not indicate that it is an action under § 64.1-88 of the Code of Virginia. Further, as a direct attack on the validity of the will, it suffers from multifariousness because it is combined with the equitable claim for relief under the theory of contract to make a will. *Potts v. Flippen*, 171 Va. 52, 59, 197 S.E. 422 (1938), *cert. denied*, 305 U.S. 662 (1939).

Accordingly, Count II of the Bill of Complaint is dismissed.

Next, the Defendants also demur to Count I of the Bill of Complaint. In essence, the Defendants argue that the facts alleged in support of Count I are too uncertain and vague for equity to enforce. The Court disagrees and finds that the allegations are sufficient to state a claim upon which relief can be sustained under the theory of a contract to make a will.

Although the Court does not sustain the Demurrer to Count I, the Court directs the Complainant to file by April 15, 1993, an amended pleading in this action setting forth solely its allegations in support of Count I.

The defendants will have twenty-one days thereafter to file any responsible pleading they may deem advisable.

August 20, 1993

I am writing this letter to rule on the Motion for Summary Judgment filed on behalf of the Defendants. This, of course, is an action by Mrs. Robertson alleging that the decedent, Charles R. Dudley, breached a contract to make a will. In essence, the Amended Bill of Complaint alleges that after the death of their mother, Mr. Dudley, Margaret D. Robertson, and two other brothers entered an agreement that the four brothers would leave their estates to their brothers and sister and that the sister would leave her estate to her children. Accordingly, the Amended Bill of Complaint alleges that the will of Charles B. Dudley, which is the subject of this case, should be declared null and void because it violates the mutual agreement of the siblings. Under the will of Mr. Dudley, he left his Norfolk Southern stock to Randolph M. Dudley, his U. S. Government bonds and his interest to his home place to William E. Robertson, and the remainder to Randolph Dudley, Margaret Robertson, and William Robertson. These devises and bequests were not in accordance with the alleged agreement among the siblings.

The Complainant admitted pursuant to Request for Admissions that she received and accepted a check dated November 25, 1991, in the amount of $100,637.40 pursuant to the will of Mr. Dudley. She deposited this check in her account. This distribution and the other disbursements under the will were included in the Final Accounting to the Commissioner of Accounts of Nelson County and were approved by the Commissioner of Accounts of Nelson County.

In their Motion for Summary Judgment, the Defendants argue that the Complainant, Margaret D. Robertson, by accepting the distribution under the will of Mr. Dudley, made an irrevocable election which now estops her as a matter of law from pursuing her claim for breach of contract to make a will against Mr. Dudley's estate. The Court agrees and grants the Motion for Summary Judgment.

In *Rutherford v. Mayo*, 76 Va. 117, 123 (1882), the Supreme Court of Virginia held that a person is not obligated to accept a bequest under a will. However, if the person accepts the bequest, then he or she abandons

the right to assert any claim which would defeat any provisions of such will. See also 2 G. Smith, *Harrison on Wills and Administration*, § 427, page 403 (3d ed. 1986).

Other states when faced with the same issue have likewise held that a beneficiary who accepts a bequest under a will is held to be estopped by the doctrine of election from maintaining an equitable action to enforce an alleged contract to make a will. *Carlisle v. Harmon*, 65 P.2d 495 (Okla. 1936); *Noyes v. Noyes*, 233 Mass. 55, 123 N.E. 395, 396-97 (1919); and *Elmore v. Covington*, 172 S.W.2d 809, 811 (Tenn. 1943).

The doctrine of election is certainly based on sound principle. If a person makes an election to accept a bequest under a will and the distribution is made, then the estate has the right to rely upon that action and make further distributions and accountings in accordance with that election. That, of course, has occurred in this case. If the will of Mr. Dudley was now declared null and void, the executor would be put to the task of having to retrieve all of the distributions which have now been made. There is no guarantee that this would even be possible. Thus, the estate has been closed based partially upon the acceptance of the distribution by Mrs. Robertson, and she should not now be allowed to undo an estate that has now been settled. Accordingly, the Bill of Complaint must be dismissed.